Per Curiam.
The plaintiff Sims became the owner of three certificates of capital stock of the Montana Improvement Company, a foreign corporation, representing 750 shares of said capital stock of the value of $75,-000. The certificates were issued to George Conkling and were by him transferred to Sims, in fulfillment of a contract made by him with the corporation, of which transfer the corporation had timely notice.
The corporation subsequently instigated an action in *78 favor of one Bobertson against Conkling, in the courts of Montana, in which judgment was suffered to go by default against Conkling, and on it the sheriff is said to have sold Sims stock as the property of Conkling and one Hammond purchased the same for the nominal consideration of $100. The judgment was fraudulently obtained by the procurement of the officers of the corporation and with its consent and connivance, and as part of a conspiracy to defraud Sims.
The officers of the corporation have wasted and appropriated its assets, pretend that it has ceased to exist or transact business.
The action is brought by Sims on his behalf as stockholder, and on behalf of all other stockholders.
He prays for a decree establishing his rights as a stockholder and declaring void any certificates issued in place of those held and owned by him, and that he have an account, etc. The defendants having demurred, have for all present purposes admitted the truth of the allegations charged and these sufficiently state a cause of action. The fact that the stock was not registered in Sims’ name, does not disable him from maintaining the action. Ervin v. Oregon R. & N. Co., 62 How., 490. It must be assumed (nothing appearing to the contrary), that the plaintiff is a resident of this state, Fisher v. Charter Oak L. I. Co., 14 Abb. N. C., 32, and section 1780 of the Code gives jurisdiction in an action by a resident of the state against a foreign corporation “for any cause.” As was said by the court, in Ervin v. Oregon R. & N. Co., 62 How., 492. “ In cases of fraud, breaches of trust or contract, the jurisdiction of a court of equity is sustained wherever the person of the defendant be found, although property beyond the jurisdiction be affected by the judgment. Citing Gardner v. Ogden, 22 N. Y., 327; March v. Eastern R. R. Co., 40 N. H., 548; Massie v. Watts, 6 Cranch, 148. It is not important now to indicate the specific relief to which the *79 plaintiff may in the end he entitled. That will depend upon the facts established at the trial. The complaint makes out a cause of action. The relief within the power of the court to grant may he incomplete, and not commensurate with the injuries and loss sustained, growing out of the fact that material interests affected are outside of this jurisdiction, but that affords no adequate reason why an attempt in that direction should not be made. Efforts in such direction frequently afford only approximate justice. In so far at least as the defendant is personally concerned, and the property and assets within this state may be impressed, justice may be accomplished.”
An inspection of the books of a foreign corporation may be ordered, but if they are in constant use in a distant state sworn copies may suffice. Ervin v. Oregon R. & N. Co., 22 Hun., 566. This feature is referred to as incidentally bearing upon the remedies enforceable where jurisdiction is obtained against a foreign corporation. The observations made, answer the objections that the court has no jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. The next ground of demurrer is that there is a misjoinder of parties plaintiff, in that Ellen T. Sims is made a party plaintiff. The complaint shows that she was made a party by force of an order of the court.
This order appears in the appeal book, has not been appealed from, and remains in full force and effect, and concludes the parties to the extent, that she was rightfully brought in under section 452 of the Code. It was certainly not intended that where a party was joined under this section, and no appeal taken from the order, that the propriety of the order could be reviewed on demurrer assigning the misjoinder of the party added. The law has wisely afforded another mode of reviewing the action of the court, and if that mode is not employed, *80 the right to test by demurrer the propriety of joining, the party is lost.
The Code provisions, though independent, must be so worked and construed that they may operate in harmony, that orderly rather than chaotic practice may prevail. It follows that the interlocutory judgment, overruling the demurrer, was properly made, and must be affirmed, with costs.