charges, as to which he had already made up his mind·to remove him. When the relator was called before the commissioner he did not know that he was entitled to more than an opportunity to make an explanation. He was called for that purpose. If, when he got there, he was told that he was entitled to have a hearing, and the charges proved by sworn witnesses, it might very well be that by his actions his right to such a hearing would have been waived. But nothing of that kind occurred. He was immediately put upon his defense, and nothing done to indicate to him that he was to have anything more than an opportunity of making an explanation. Such a hearing as that can in no possible way be said to be a trial. It is quite true, as is said, that he did not deny the charges made against him. But the very manner in which he was brought before the commissioner showed that the truth of the charges was not to be inquired into. It was assumed by the commissioner that he was guilty, and, starting with that presumption, he was already sentenced, unless he succeeded in disabusing the mind of the person who should have tried him fairly of the conclusion he had already reached.

In my judgment, there was nothing in this case that resembled a trial, and nothing to indicate that the relator knew that he was entitled to one, and therefore the proceeding should be reversed.

=====

HACKETT v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

INSURANCE—TONTINE POLICIES—DIVIDENDS—PLEADING—ACCOUNTING.
    Laws 1892, c. 690, § 56, declares that an accounting against a domestic insurance corporation shall not be granted except on application of the attorney general, or after his approval of a written request in writing therefor of the superintendent of insurance. Plaintiff's complaint, in an action to recover damages for defendant's failure to comply with the terms of a policy issued to her, alleged that it provided that all profits derived from policies similarly issued would be apportioned equitably among policy holders completing their dividend period; that after the completion thereof she duly notified defendant of her election to withdraw her policy's share of such profits, consisting of accumulated reserve held by it on account of the policy, and surplus to be equitably apportioned thereto. *Held*, that since no accounting was necessary to recover the accumulated reserve, and the action was one at law to recover a sum of money only, the overruling of a demurrer to the complaint for want of jurisdiction, because the action would necessarily involve an accounting, was proper.

Appeal from special term, New York county.

Action by Mary Hackett against the Equitable Life Assurance Society of the United States. From an interlocutory judgment overruling a demurrer to the complaint (63 N. Y. Supp. 847), defendant appeals. Affirmed.

The action was brought to recover $13,000 damages for the defendant's failure to comply with the terms of a policy of insurance which it had issued to the plaintiff upon the life of Thomas Hackett, her husband. The complaint states that, upon certain representations of the defendant's agent, Thomas Hackett, in December, 1883, made application for a policy of life insurance

for the sum of $10,000, to be issued in conformity with a "tontine savings fund plan of assurance," and that such policy was thereupon issued to him, and he thereafter performed all the conditions agreed to by him, including the annual payment upon December 29th of $571, down to July 31, 1893, when he assigned and transferred to his wife, the plaintiff, all his right and interest in the policy, the defendant being duly notified and assenting thereto; that the defendant, on August 3, 1893, for the purpose of carrying said assignment into effect, issued to the plaintiff, in exchange for the previous policy, a new one, also made under the "semitontine plan," which insured the life of Thomas Hackett for $10,000, and further provided, upon continuance of the policy and the annual payment of $571, down to the end of the dividend period of such policy, December 29, 1898, that all surplus or profits derived from such policies issued by the defendant on such tontine plan should and would be apportioned equitably by the defendant among the holders of such policies as should complete their tontine dividend period, and the plaintiff, on December 29, 1898, if the policy should not have previously terminated by lapse or death, at her election might "withdraw in cash the said policy's share of the assets of said defendant,—that is to say, the accumulated reserve of such policy,—and, in addition thereto, the surplus apportioned by said defendant to the said policy as aforesaid"; that the plaintiff duly performed the conditions imposed upon her, and after the completion of said tontine dividend period of said policy as aforesaid, in or about the month of January, 1899, "notified the defendant of her election, under the provisions of said policy, to withdraw from said defendant in cash said policy's share of the assets of said defendant,—that is to say, the accumulated reserve thereon,—which, as plaintiff is informed and believes, was six thousand two hundred ninety-six and $30/100$ dollars (being the amount of reserve which the defendant actually at that time held for and on account of said policy), and in addition thereto the ratable and equitable share of the surplus derived as aforesaid by defendant, to which she was entitled under the terms and provisions of said contract or policy of insurance, and so as aforesaid agreed by the said defendant to be paid, and upon information and belief this plaintiff alleges that the ratable share of the surplus to which she was then entitled was equal to or exceeded the sum of six thousand six hundred and three and $70/100$ dollars, making the share of the assets of said defendant to which this plaintiff was then entitled under the provisions of said contract or policy of insurance twelve thousand nine hundred dollars"; that the defendant has refused to pay these sums, claiming that the plaintiff's ratable share was $8,960.60; that since the policies issued to Thomas Hackett and to the plaintiff the defendant has issued to others policies granting undue advantages, whereon and whereby apportionment has been made unjustly and to the plaintiff's loss and damage, amounting to wrongful appropriation by the defendant of moneys of right belonging to the plaintiff, and agreed by defendant to be paid to her; that by reason of the premises, and the defendant's failure to make payment to her, the plaintiff has been damaged in the amount of $13,000, for which judgment is demanded, with interest from December 28, 1898. To the complaint, the defendant demurred upon the grounds (1) that the court has not jurisdiction of the subject of the action, for the reason that the action will necessarily involve an accounting, and, in accordance with section 56, c. 690, Laws 1892, such a suit cannot be maintained except upon application of the attorney general of the state of New York, or after his approval of a request in writing therefor of the superintendent of insurance; (2) that the plaintiff has not legal capacity to sue, for these same reasons; (3) that there is a defect of parties defendant, in that the policy holders also interested in the accumulated profits and surplus fund of the defendant are not parties to the action; (4) that the complaint does not state facts sufficient to constitute a cause of action. The judge at special term overruled the demurrer, and from the interlocutory judgment entered the defendant appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William B. Hornblower, for appellant.
Charles N. Morgan, for respondent.

O'BRIEN, J. The appellant contends that the conclusion reached by the special term is in direct conflict with the decision of the court of appeals in Greef v. Society, 160 N. Y. 19, 54 N. E. 712. In that case the essential allegations in an action by a policy holder to recover a share of the company's surplus were considered, and, as stated in the headnote:

"An action by a policy holder against a life insurance company, to recover a proportionate share of the company's surplus, brought without application to, or approval by, attorney general, and therefore prohibited by the insurance law (Laws 1892, c. 690, § 56), if regarded as an action for an accounting or as interfering with the prosecution of the defendant's business, cannot be maintained, unless the complaint states facts sufficient to entitle the plaintiff to recover in an action at law upon the policy as an instrument for the payment of money, or to recover against the defendant for a breach of its contract."

The company in that case had paid to the plaintiff a certain sum, which was all that it admitted to be due on the policy, and, in addition, entered into an agreement "that such payment should not prejudice the right of the plaintiff to claim that he is entitled, under his policy, to a further and greater sum by way of surplus or profits." Among the other provisions of that policy, was one that the holder "shall be entitled to participate in the distribution of the surplus of this society by way of increase to the amount insured, according to such principles and methods as may from time to time be adopted by this society for such distribution"; and in the opinion it was said: "By its terms he possessed no legal right to any part of the defendant's surplus, except in that portion which its officers determined to distribute among the holders of its policies, and an action at law could not be maintained until that determination was made." The allegations in the complaint before us show no such provision in the policy sued on, that the right of the plaintiff to participate in the distribution of the company's surplus was to be determined "according to such principles and methods as may from time to time be adopted by the company," but, on the contrary, it is alleged that, after the completion of the time fixed for the payment to plaintiff which had arrived, there was due on the policy, out of the accumulated reserve, a certain sum, and out of the surplus another sum, "making the share of the assets of said defendant to which this plaintiff was then entitled, under the provisions of said contract or policy of insurance, twelve thousand nine hundred dollars." Here, the allegation is that "all the surplus or profits derived," etc., "should and would be apportioned equitably," etc., which does not necessarily mean that the equitable apportionment should be one entirely within the discretion of the defendant's officers, since the word "equitably," taken in its ordinary sense, would be fairly, justly, and impartially. As urged by the plaintiff, "all of it was to be distributed among the persons belonging to a designated class, according to their several interests therein or contribution thereto, in such a manner that each should receive his fair just share." In other words, the surplus was not to be apportioned according to the principles and methods to be adopted by the defendant, but all the surplus was to be divided among a designated class. It is certain that the parties understood the word "surplus"

in a different sense, but, for the purpose of this discussion, that meaning is to be assigned which plaintiff alleges and claims.

The plaintiff, therefore, does not here seek an equitable apportionment upon allegations that the surplus had not been apportioned, but seeks to recover as damages for breach of the contract of insurance, not alone the portion of the surplus to which she claims to be entitled, but, in addition, part of the accumulated reserve, both of which, by the demurrer, are admitted. In regard to the accumulated reserve no accounting is necessary, and with respect to the surplus it is not entirely clear, from the allegations of the complaint, whether this involves for its determination a mere mathematical calculation, as contended by the plaintiff, or an accounting, as insisted by the defendant. However, to the extent of the accumulated reserve, the plaintiff, having alleged a breach, would be entitled to recover that amount.

In an action at law to recover damages for breach of contract, the fact that the plaintiff may assign many items of damage, all of which are not recoverable, would not make the complaint demurrable. In such an action, a recital of the contract and its breach, together with allegations showing that some damages are recoverable, are sufficient to support the complaint. The fallacy, as we view it, of the argument of the appellant's counsel, lies in the fact that he marshals certain allegations of the complaint from which he insists the inference fairly arises that an accounting of the affairs of the company will be necessary to support a recovery for the amount claimed. There are undoubtedly in the complaint many allegations which look as though plaintiff will require an accounting to obtain the full sum demanded, and upon the trial, if it should appear that an accounting of the affairs of the company is necessary, for instance, to show what share the plaintiff is entitled to receive out of the surplus fund, then it will be the duty of the trial judge to refuse to enter upon such inquiry, because forbidden in such an action as this by the law of 1892. This, however, would not prevent a recovery of the plaintiff's share of the accumulated reserve, which, if the amount has been determined as alleged, could be proved without such an accounting.

If it is a common-law action, averments looking to equitable relief may be considered as surplusage and disregarded. Here the demand for relief is for a sum of money only, the right to recover which is supported by proper allegations; and though these are to some extent obscured by averments adapted to a suit in equity, or tending to show that an accounting may be necessary, this is not fatal to the complaint, as one framed in an action at law. In O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371, it was held, as stated in the headnote, that "while the formal demand for relief with which a complaint concludes is not conclusive as to the character of the action, i. e. whether legal or equitable, yet, where the complaint sets forth facts that may support equally an action at law or equity, the character of the action is determined by the relief demanded." And, as aptly said in Glenn v. Lancaster, 109 N. Y. 642, 16 N. E. 484, "it is not for us now to determine that, upon the facts alleged,

the plaintiff can succeed in the action as one at law to recover a sum of money only. * * * All that we determine is that, in form and substance, the action is based upon contract, express or implied, and is to recover a sum of money only, and that, therefore, under the sections cited, it should have been brought to trial at a jury term."

The other grounds of demurrer assigned require no special comment, our attention being directed to the main point relied upon by the appellant, which we have briefly discussed, as to the effect of the act of 1892, considered in the light of the allegations of the complaint. While it may be that the plaintiff will be unable to prove her cause of action at law without conflicting with the statute, we think that, disregarding some, there still remain sufficient allegations to support the complaint in form as an action at law.

The judgment appealed from, therefore, should be affirmed, with costs, with leave to defendant to withdraw demurrer and answer in 20 days, on payment of costs in this court and in the court below. All concur.