HENRY G. STRUBBE, Appellant, v. THE KINGS COUNTY TRUST COM-
PANY, Guardian, etc., Respondent, Impleaded with Others.

*Test of a demurrer — the Supreme Court's jurisdiction over guardian — action
against a guardian of the estate of infants for provisions furnished at the request
of the guardian of their persons.*

The test to be applied upon the hearing of a demurrer to a complaint is whether
the complaint sets forth facts which, if true, would entitle the plaintiff to any
relief whatever.

The Supreme Court has general jurisdiction over guardians.

The complaint in an action alleged that the defendant Reilly, the father of the
infant defendants, had been appointed guardian of their persons and that the
defendant, the Kings County Trust Company, had been appointed guardian of
their estate, which consisted of personalty, to the possession of which they
would be entitled upon respectively attaining their majority; that since its
appointment, the trust company had paid to said Reilly and to other persons
for the maintenance and support of said infants divers sums of moneys, and
that the fund in the hands of said trust company was much less than when it
was first appointed.

It further alleged that the plaintiff had supplied meats and groceries, at the instance and request of the said Reilly, as guardian of the persons of the infants; that these articles were furnished upon the credit of said infants, the plaintiff relying upon the statement made by Reilly that the estate of said infants was ample security therefor, and that said Reilly promised that said supplies would be paid for out of the estate of said infants with funds passing through his hands as such guardian, and had paid a portion of the plaintiff's claim from such funds; that he had received moneys of said infants more than sufficient to have paid the plaintiff's claim since the same accrued, but that he had applied the same or a part thereof to his own uses and purposes; that he was insolvent and that he had applied and would continue to apply the moneys coming into his hands, as guardian, to his own uses unless he was restrained by the court; that the plaintiff had demanded the payment of his claim from both Reilly and from the trust company and that both said defendants had failed to pay the same; that the estate of the infants was steadily diminishing in principal and that as said infants became of age their respective shares would be paid over to them and the plaintiff's security be diminished, and that he feared that he would lose his claim by reason of the exhaustion of the principal and interest of the estate of the infants. There was no suggestion that the defendant trust company had made any improper disposition of the funds or that it had in any manner departed from the directions of the decree under which it was appointed, or that the goods were purchased or delivered at its request, or that it had neglected or refused to provide for the necessities of the infants.

The relief demanded was that the plaintiff recover from the estate in the hands of the trust company the value of the necessaries so furnished by him.

*Held,* that the complaint did not state a cause of action against the Kings County Trust Company.

APPEAL by the plaintiff, Henry G. Strubbe, from a judgment of the Supreme Court in favor of the defendant, The Kings County Trust Company, Guardian, etc., entered in the office of the clerk of the county of Kings on the 24th day of October, 1900, upon the decision of the court rendered after a trial at the Kings County Special Term sustaining the said defendant's demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*Gail Laughlin,* for the appellant.

*George V. Brower,* for the respondent.

WOODWARD, J.:

It will be conceded, in harmony with a long line of authorities, that this court has general jurisdiction over guardians. So far back

as the days of Grotius we are told that guardians "are bound to do everything of importance with the knowledge and advice of the Orphan-Chamber, unless it has been excluded by last will; but even when this is the case, the court always retains its upper-guardianship in case of need." (Introduction to Dutch Jurisprudence [Maasdorp Tr.], book 1, chap. 9, § 2.) His great contemporary, Domat, lays down the proposition that "the tutor may lay out all expenses that are necessary, useful or decent, for the affairs of the minor, for repairs, for the charges of lawsuits, for a journey, and on other such like occasions, according as the quality of the minor's estate, the nature of affairs and circumstances may require. And in case there be any doubt about the usefulness or necessity of the expenses, he ought to get them regulated by the judge." (1 Dom. Civ. L. § 1301.) In distant Hawaii, likewise, the rule is recognized that "what a guardian may spend is the income, or so much thereof as may be required. He may not reduce the principal, as he may not sell the real estate without license from the court." (*Matter of Neville*, 4 Hawaiian Rep. 289, 291.) So it was held in *Matter of Hubbard* (82 N. Y. 90, 92) that "the power formerly possessed in this State by the Chancellor is now vested in the Supreme. Court which exercises, through its judges, the same jurisdiction over infants in awarding the custody and care of their persons and property as was possessed and exercised by that officer." (See *Brown* v. *Snell*, 57 N. Y. 286, 292, and authority there cited.) But the question now before us is not, as one might suppose, one of jurisdiction, but involves a question of law. We are to determine whether the complaint sets forth facts which, if true, would entitle the plaintiff to any relief whatever. That is the test by which a demurrer is to be tried under the practice now prevailing (*Kain* v. *Larkin*, 141 N. Y. 144, 150), and we are called upon to examine the complaint in the light of this rule. It may be proper, however, to remark that we find no authority which supports the theory that the court, in becoming the guardian of infants, assumes any obligations of a like character in behalf of persons dealing with the guardians of the persons of such infants; these must continue to look after themselves.

The action is brought to recover from the estate of certain infants in the hands of the Kings County Trust Company as the guardian

of their estate, the value of some merchandise of the character recognized as necessaries supplied to and used by said infants, John B. Reilly, the guardian of the persons of the infants, and the trust company, as the guardian of the estate of said infants, being included among the defendants. The facts fairly to be gathered from the complaint are these : That the infant defendants are the owners of an estate in personalty of the value of about $28,000, of which they are entitled to possession on arriving at the age of twenty-one years respectively; that the defendant John B. Reilly is the father of the infant defendants, and has been duly appointed as the guardian of the persons of such defendants; that the defendant the Kings County Trust Company was, on or about December 28, 1898, appointed guardian of the estate of the said infants, together with a brother, who has since become of age and disposed of his interest in the estate, under a decretal order of the Surrogate's Court of Kings county, and received the estate; that since such appointment said trust company, as guardian of the estate, has paid to said John B. Reilly, as guardian of the persons of said infants, and to other persons, for the maintenance and support of said infants, divers sums of money, leaving in the hands of the said trust company much less than when said company was first appointed; that between November 27, 1897, and January 31, 1900, the plaintiff had supplied at the instance and request of the said John B. Reilly, as the guardian of the persons of said infants, meats and groceries, amounting in value to about $1,500 ; that these articles were furnished upon the credit of the said infants, plaintiff relying upon the statement made by the said guardian, John B. Reilly, that the estate of said infants was ample security therefor, which plaintiff verified by inquiry, and that said Reilly, guardian as aforesaid, promised that said supplies would be paid for out of the estate of said infants with funds passing through his hands as such guardian ; that said Reilly paid at different times sums of money upon this account from the moneys coming to him from the said estate of the infants, reducing the total amount to about $1,250 ; that said Reilly has received moneys of said infants far more than sufficient to have paid plaintiff's claim since the same accrued, but that he has applied the same or a part thereof to his own uses and purposes, and not wholly in discharge of the claims and demands against said defend-

ants, and in derogation of the rights of plaintiff and other creditors ; that said Reilly is insolvent and was and is of no personal responsibility ; that he has applied and will continue to apply the moneys coming into his hands as such guardian to his own uses and not to the discharge of just claims against said infants unless he is restrained by the courts ; that plaintiff has demanded the payment of this claim both from said Reilly and from the trust company, as guardian of the estate, but that both said defendants have failed to pay the same ; that the estate of said infants is steadily diminishing in principal, and, as said infants mature, their respective shares and interests will be paid over to them and this plaintiff's security will be diminished, and plaintiff fears and apprehends that he will lose his claim by reason of the exhaustion of the principal and interest of said shares and estate.

Conceding all of these allegations to be true, has the plaintiff stated facts sufficient to constitute a cause of action against the estate of these infants, for this is the object sought ? There is no suggestion that the defendant the Kings County Trust Company has made any improper disposition of the funds, or that it has in any manner departed from the directions in the decree under which it is acting as the guardian of the estate of these infants. It is not suggested that the goods were purchased or delivered at the request of the guardian of the estate, nor that the Kings County Trust Company has neglected or refused to provide for the necessaries of these infant wards. On the contrary, plaintiff alleges that the defendant John B. Reilly has "received moneys of said infants far more than sufficient to have paid plaintiff's claim since the same accrued," and he likewise alleges that the goods were sold and delivered upon the promise of the said Reilly "that said supplies would be paid for out of the estate of said infants with the funds passing through his hands as such guardian." It appears from the plaintiff's own statement of the case that the estate of the infants has already placed in the hands of the defendant Reilly sufficient funds to meet the demand ; that the goods were sold and delivered, not on the order or with the knowledge of the Kings County Trust Company, but upon the strength of the assurances of the defendant Reilly that he would pay the same out of the funds which we may assume were directed to be paid to him by the Kings County Trust Company.

The fact that the plaintiff, under these circumstances, has continued to furnish goods until his bill aggregates something over $1,500, on which only about $300 has been paid, although he knew that the defendant Reilly was getting an allowance from the defendant the Kings County Trust Company every three months, is not calculated to appeal strongly to the court as the guardian of the rights of the infants. As we have already suggested, the court, whatever its relation to the infants, is not the guardian of third persons dealing with them, and it appearing that the estate has made provision for paying for these necessaries it is difficult to understand how it may be claimed that a cause of action is stated against the guardians of that estate by showing that the defendant Reilly may have misappropriated such funds. If the plaintiff, knowing the fact that the defendant Reilly was getting money every quarter (and he claims to have made inquiries in regard to the matter), chose to continue to furnish supplies upon the promises of the defendant Reilly, he may have a cause of action there, but he has not stated any cause of action against the estate of the infants, nor shown any reason why this court should interfere with the guardianship of the estate by the Kings County Trust Company.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.