(39 Misc. Rep. 6.)

### KEENE v. NEWARK WATCH CASE MATERIAL CO.

(Supreme Court, Special Term, New York County. October, 1902.)

1. BOND—ACTION—COMPLAINT.

    Defendant was surety on a bond given to a creditor of the principal for the performance by the principal of his contract with the creditor, running from May 1, 1901, to January 1, 1902. The bond provided for accountings at all reasonable times, and defendant covenanted to discharge the obligation on the bond at the termination of the principal's contract. In an action by the creditor begun against defendant surety in May, 1902, plaintiff filed an amended complaint, setting up the conditions of the bond, and alleging that in September, 1901, an accounting was had, and the principal was found to be in default, and that he had not complied with the demand for payment or met the obligation of the bond, and that plaintiff is "now" suffering a loss to the amount of the bond caused by such default. Held, that the complaint was not demurrable, as failing to show that the deficiency of December 1, 1901, was still due and owing on January 1, 1902.

Action by Charles A. Keene against the Newark Watch Case Material Company. Demurrer to amend complaint. Overruled.

Frank I. Tierney, for plaintiff.
B. F. Edsall, for defendant.

GILDERSLEEVE, J. This is a demurrer to an amended complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The amended complaint sets up the following allegations, viz.: That the plaintiff entered into a contract with the

Camm Watch Case Company, by which the latter was to make watch cases for plaintiff. That the plaintiff was to supply the gold material for such cases, but the title to the gold was to remain in plaintiff, and the Camm Company was to account, at any and all reasonable times, during the contract or at its termination, to the plaintiff for such gold, and return the same either in the form of watch cases or in the original gold to the plaintiff, and make good any deficiency. That this contract was to exist from May 8, 1901, to January 1, 1902. That the plaintiff supplied the gold and the Camm Company continued to make the cases until September 1, 1901, when an accounting was had, and a deficiency discovered in the gold account, for which the Camm Company became liable to the plaintiff, and which it has failed to make good, although called upon to do so by the plaintiff. That at the time of the making of the contract, to wit, the 8th of May, 1901, defendant became surety on a bond to guaranty the proper accounting for the gold by the Camm Company, and the due payment of any deficiency. That the consideration for this bond was the purchase of the necessary gold · by plaintiff from defendant, which condition plaintiff has fulfilled. That payment has been duly demanded by plaintiff of defendant, and refused by the latter. This action is brought on this bond to recover from defendant, as surety, the deficiency in the gold account owing by the Camm Company to plaintiff.

The demurrer must be deemed to concede the truth of all the material allegations of fact of the amended complaint. Kain v. Larkin, 141 N. Y. 144, 150, 36 N. E. 9; Strubbe v. Trust Co., 60 App. Div. 548, 69 N. Y. Supp. 1092. The demurrer, however, is not deemed to admit as correct the legal conclusions or interpretations set up in the amended complaint. Masterson v. Townshend, 123 N. Y. 458, 461, 25 N. E. 928, 10 L. R. A. 816; Bonnell v. Griswold, 68 N. Y. 294; Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522. In construing the complaint, the rule is that the complaint on demurrer will be deemed to allege that which can be implied from the allegations therein by a reasonable and fair intendment, and a reasonable construction will be given, although the facts are imperfectly or informally averred and argumentatively stated, or the pleading lacks definiteness and precision. Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. A demurrer, on the ground here urged, can only be sustained where it appears that, after admitting all the facts alleged, · or that can be by reasonable and fair intendment implied from the facts as alleged, the complaint fails to state a cause of action. Marie v. Garrison, 83 N. Y. 14. The defendant, as we have seen, is sued as surety. Suretyship, as defined by the American and English Encyclopædia of Law, is an undertaking to answer for the debt or miscarriage of another, by which the surety becomes bound as the principal or original debtor is bound. It is a primary obligation, and the creditor is not required to proceed first against the principal before he can recover from the surety. The surety and the principal may be joined as defendants in one suit, or the surety may be sued alone, without any efforts having been made to recover the debt from the principal. 24 Am. & Eng. Enc. Law, 716. However, a guarantor is bound only by the strict letter of the contract of the principal, whose

performance he has guarantied; and the obligation of the surety is strictly construed, and is not to be extended beyond the precise terms of the contract. Brandt, Sur. p. 7, § 79; Burge, Sur. 40–42. The rule is well settled that sureties can only be charged when the case is brought within the very terms of their contract. They are bound to the extent of, and in the manner pointed out in, the obligation, and no further. It is not sufficient that they may sustain no injury by a change of the contract, or that it may even be for their benefit. They have a right to stand upon the very terms of their contract, and if they do not assent to any variation of it, and a variation is made, it is fatal. Miller v. Stewart, 9 Wheat. 680, 6 L. Ed. 189; Antisdel v. Williamson, 165 N. Y. 375, 59 N. E. 207. They can limit their liability as to time, amount, or parties by the terms of the contract, and if any such limitation be disregarded by the party who claims under it the guarantor or surety is not bound. Bank v. Kaufmann, 93 N. Y. 279, 45 Am. Rep. 204; People v. Chalmers, 60 N. Y. 154, 158.

Applying the foregoing principles of law to the case at bar, it becomes of first importance to ascertain exactly what liability the precise terms of the contract imposed on defendant. The bond is set forth at length, and forms part of the amended complaint. The provisions essential to a determination of the issues here raised are as follows, viz.:

"Whereas, the Camm Watch Case Company * * * has made and entered into a contract with Charles A. Keene, * * * a copy of said contract being annexed hereto; and whereas, the said contract provides that the said Camm Watch Case Company, party of the second part thereto, shall be responsible and answerable in damages for any loss in gold, at the termination thereof, furnished by Charles A. Keene, party of the first part thereof, and shall satisfy all claims and obligations arising because of any loss in said gold so furnished: Now, therefore, we, the Newark Watch Case Material Company, a corporation, * * * said corporation being hereinafter called the surety, and the Camm Watch Case Company, hereinafter called the principal, are held and firmly bound, and by these presents are so held and firmly bound, unto the said Charles A. Keene, in the sum of ten thousand ($10,000) dollars: provided, however, that if the said principal shall well and truly discharge, at the termination of said contract referred to herein, the obligations arising as hereinbefore set forth, then these presents shall be and become null and void."

The defendant's counsel points out that, while the bond fixes the time when defendant's liability would accrue as of the termination of the contract between the Camm Company and plaintiff, i. e. January 1, 1902, the complaint sets forth an accounting had between the Camm Company and plaintiff on September 1, 1901, and that for the deficiency then found to be existing this action is brought upon the bond. It is the claim of the defendant that plaintiff should have waited until January 1, 1902, and should then have brought the action for the deficiency found to be existing at that time, as no liability of defendant had accrued on September 1, 1901, or at any time previous to January 1, 1902, the time of the termination of the contract between plaintiff and the Camm Company. As we have seen, the complaint alleges that the contract between the Camm Company and the plaintiff, which we will call the first contract, authorized an accounting at any and all reasonable times during the continuance of the contract, and that such

an accounting was had on September 1, 1901, when the deficiency here claimed was found to exist; while the bond, which we will call the second contract, provides that the liability of defendant shall be for any deficiency existing on January 1, 1902. But if the deficiency found due on September 1, 1901, continued to be due and owing on January 1, 1902, then, under the terms of the second contract, the defendant became liable for such deficiency. The bond, as we have seen, also recites the fact that the Camm Company had agreed in the first contract to be responsible and answerable in damages for any loss in gold that existed at the termination of the contract, i. e., on January 1, 1902. If, however, the first contract also authorizes an accounting between the Camm Company and plaintiff before the termination of the contract, this provision does not vary the terms of the obligation of the Camm Company, or, in case of its default, of the defendant, to pay the deficiency found to be existing on the termination of the contract, i. e., on January 1, 1902. The accounting could be had from time to time during the continuance of the contract, but the obligation to pay the deficiency accrued on the termination of the contract. The Camm Company was at liberty to pay the deficiency as soon as discovered upon the accounting of September 1, 1901, although its obligation to pay, for which defendant became surety, did not accrue until January 1, 1902. The defendant is not liable for the deficiency found to exist on September 1, 1901, unless that deficiency continued to exist on January 1, 1902.

The question now presents itself, does the amended complaint, by fair and reasonable intendment, show that the deficiency found to be due on September 1, 1901, was still due and owing on January 1, 1902? The amended complaint alleges that the Camm Company has not (at the time of the making of the amended complaint) complied with plaintiff's demand for payment, and "that the terms of the bond have not (at the time of the making of the amended complaint) been complied with, and the obligations have not been met, in that the principal named therein (the Camm Company) has not satisfied or made good to the plaintiff, the obligee named therein, the loss which arose to the plaintiff, as aforesaid; that the defendant, the surety named therein, has been apprised of such loss, and requested to pay the same, which the said defendant has failed to do, or any part thereof; and that plaintiff is now suffering a loss, because of the default of the surety upon its said bond, in an amount hereinafter named." It clearly appears, from the wording of the amended complaint, that, at the time of its making there existed the deficiency claimed, and that neither the principal nor the surety had, in any part, responded to plaintiff's request to satisfy the same. A complaint relates to the time of the commencement of the action, and the rights of the plaintiff are to be determined as they existed when suit was commenced, as the complaint is presumed to refer to existing conditions. 4 Enc. Pl. & Prac. 605. It appears from the statement of plaintiff's counsel that the summons and complaint were served on May 22, 1902, and the amended complaint, which was verified on July 15, 1902, was served on July 16, 1902. It appears, therefore, that the facts alleged in the amended complaint were existing several months after the termination of the con-

tract, and consequently after the defendant's liability had accrued. The deficiency, which had been found to exist on September 1, 1901, continued to exist on July 15, 1902, six months and a half after the liability of the defendant had accrued, and the action to recover this deficiency was begun on May 22, 1902, nearly five months after the termination of the first contract and the date of the maturity of defendant's obligation to pay. I am of opinion that, under the liberal construction authorized by the authorities above cited, the amended complaint does set forth facts sufficient to constitute a cause of action, and that defendant's contention is not well taken. The demurrer must be overruled, with leave to answer, on payment of costs.

Demurrer overruled, with leave to answer on payment of costs.