### GILLESPIE v. MONTGOMERY et al.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. MASTER AND SERVANT—ACTION FOR WAGES—SUFFICIENCY OF COMPLAINT.

Plaintiff alleged that defendants were copartners, and agreed to pay him, for services to the copartnership, an equal share of the profits; that he superintended their business and acted for them for a certain period, and that his share of the profits for such period was a certain sum, or more, which was unpaid; and that defendant failed or refused to account therefor. *Held*, that the complaint stated a cause of action.

2. SAME—EQUITABLE RELIEF—INSUFFICIENCY OF COMPLAINT—DEMURRER FOR WANT OF FACTS—CAUSE OF ACTION AT LAW.

In an equitable action by the manager of a brokerage business to recover his agreed compensation, of a share of the profits, he alleged that an accounting was necessary to determine the amount due him, and prayed judgment therefor and for a receiver. He also prayed that defendants might be compelled to pay him a certain sum, to which he had alleged his share of the profits would have at least amounted, or such sum as might be due him. This was followed by a prayer for general relief. The complaint stated a good cause of action at law, though the averments seeking equitable relief were insufficient. *Held*, that it was not demurrable for want of facts.

3. SAME—PLAINTIFF'S PERFORMANCE OF CONTRACT.

In an action by the manager of a brokerage business to recover his agreed compensation, of a share of the profits, he alleged that defendant's promise to give him a share of the profits was in consideration of his giving his services, and allowing his name to be used in raising a certain

sum for the purposes of the business. He alleged performance of the services, but did not allege that he had allowed his name to be used in raising the money in question. *Held*, that the complaint was not demurrable for want of facts, as it could not be assumed that the contract was so entire that plaintiff's failure to permit the use of his name defeated his right to any share of the profits.

Appeal from Special Term.

Action by Frederick J. Gillespie against George L. Montgomery and another. From an interlocutory judgment overruling a demurrer, defendants appeal. Affirmed.

See 86 N. Y. Supp. 1135.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Edward H. M. Roehr, for appellants.
William Hughes, for respondent.

JENKS, J. The defendants demur that the complaint does not state facts sufficient to constitute a cause of action. The position of the learned counsel for the appellants is that the plaintiff seeks equitable relief to which he is not entitled, and that a complaint in an action at law is made to the equitable side of the court.

In Leggett v. Stevens, 77 App. Div. 612, 79 N. Y. Supp. 289, it is held that, if the complaint states a cause of action of which some court has cognizance, whether or not the equity side of the court has jurisdiction or power to grant the relief prayed for is technically not raised by such a demurrer, but that the demurrant must challenge the complaint upon the second ground specified in section 488 of the Code of Civil Procedure. In Hotel Register Co. v. Osborne, 84 App. Div. 307, 82 N. Y. Supp. 609, the court states the general rule that, if the facts show that the plaintiff is entitled either to equitable or to legal relief, the complaint is not demurrable upon the ground stated in the demurrer; citing Middleton v. Ames, 37 App. Div. 510, 57 N. Y. Supp. 443, and Lester v. Seilliere, 50 App. Div. 239, 63 N. Y. Supp. 748. Abbey v. Wheeler, 170 N. Y. 122, 127, 62 N. E. 1074, holds that, if the facts alleged in the complaint justify legal or equitable recovery, a demurrer upon the ground stated in this case is not well interposed, although the pleading may be open to correction by motion or otherwise.

We must first ascertain whether the facts alleged, if taken as facts, state any cause of action. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. The plaintiff complains that the defendants were copartners in business as brokers and money lenders, who agreed to pay to the plaintiff, for services to the copartnership, an equal share of their profits. The plaintiff superintended their business and acted for them from August 15, 1902, until February 21, 1903. Plaintiff's share of such copartnership profits for such period is $5,000 or more, which is unpaid. The defendants have failed or refused to account therefor. I think that the facts stated establish plaintiff's right to some form of legal relief.

But the point of the learned counsel for the appellants is that the plaintiff also pleads that an accounting is necessary to determine the

true amount due and payable, and that he prays judgment for the accounting and for a receiver. But the plaintiff also prays "that the defendants may be compelled to pay the said sum of $5,000, or such sum as may be due him as his share of the profits aforesaid, and that the plaintiff may have such other and further relief as may be just and equitable." The authorities cited by the learned counsel for the appellant may be discriminated. Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, is principally relied upon. In that case the court states that no legal redress was demanded, and that it consequently appears that the complaint was framed for equitable relief alone. This statement is borne out by the prayer of the pleader in that case. The court cites Swart v. Boughton, 35 Hun, 287, and quotes therefrom:

"Where all of the allegations of the complaint are made for the purpose of procuring equitable relief, and where equitable relief alone is asked for, the complaint cannot be sustained for legal redress, where no answer has been interposed."

The court also cites Cody v. First Nat. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277. This case presents the converse of Swart's Case, supra, for the sole demand was for the specific relief of money damages, and the complaint was framed directly for such prayer. And so the decision is based upon the ground that only legal redress was demanded. The appellant also cites Kelly v. Downing, 42 N. Y. 71. In that case the court, construing section 275 of the old Code (Code of Procedure), say:

"It was not the object of this section to aid a plaintiff who had insufficiently stated the cause of action upon which he seeks judgment, but simply to aid him if his complaint is adequate for the judgment he asks, except his prayer for relief. In this case the complaint states but one cause of action, and that one in equity. * * * There was nothing in the whole framework of the complaint, nor in the prayer for relief, that would lead Bailey to infer that a judgment would or could be taken against him upon the note."

So far as O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371, is pertinent, it but holds that where the facts pleaded are ambiguous, so as to support legal action or equitable, the relief asked is the necessary, because the sole solution of the ambiguity. In Bateman v. Straus, 86 App. Div. 540, 83 N. Y. Supp. 785, the question before this court was whether, upon the facts pleaded, an action for specific performance of a contract of chattel property would lie; and we held that inasmuch as the plaintiff did not plead, directly or by inference, that he had no adequate remedy at law, the action would not lie. The averments that seek equitable relief may be regarded as surplusage. Hackett v. Equitable Life Assurance Soc., 50 App. Div. 266, 272, 63 N. Y. Supp. 1092. Without them, there is a good cause of action at law sufficiently well stated to prevail against this demurrer, and there is a specific demand in the prayer for relief for money, namely, $5,000. If, in addition thereto, the plaintiff prays for other specific or general relief to which he is not entitled, he is not therefore to be dismissed the court. Wetmore v. Porter, 92 N. Y. 76; Hotel Register Co. v. Osborne, supra; Mitchell v. Thorne, 134 N. Y. 536, 32 N. E. 10, 30 Am. St. Rep. 699.

The learned counsel for the appellant also insists that the pleading is bad, in that the plaintiff has not pleaded performance of the condition precedent. The pleader states that, in consideration of the plaintiff giving his services and allowing his name to be used in raising the sum of $21,600 for the purpose of said business, the said defendants promised and agreed to give to him an equal share in the profits thereof while he continued to act and perform services on behalf of said copartnership business, and that the said plaintiff continued to superintend the said business and act on behalf of the said partners therein from the said 15th day of August, 1902, until the 21st day of February, 1903. The criticism is that the pleader has not sufficiently alleged that the plaintiff did allow his name to be used in raising the sum of $21,600. I think that there is force in the criticism, but, even if it be sound, it is not enough to support the demurrer. It cannot be assumed that the contract was entire, in the sense that failure to permit the use of the plaintiff's name defeated his right to any share in the profits, although he performed services and acted for the defendants. The question is whether, upon the facts stated, the plaintiff is entitled to any relief whatever. Strubbe v. Kings County Trust Co., 60 App. Div. 548, 550, 69 N. Y. Supp. 1092, affirmed in 169 N. Y. 603, 62 N. E. 1100; Jaques v. Morris, 2 E. D. Smith, 639, 643; Price v. Brown, 10 Abb. N. C. 67. We cannot say that he is not.

The interlocutory judgment should be affirmed, with costs. All concur.