## N. Y. SUPERIOR COURT.

### JOHN M. FISHER agt. THE CHARTER OAK LIFE INSURANCE COMPANY.

*Complaint — Demurrer will be sustained if the plaintiff, under the facts stated, is not entitled to the specific relief demanded, although such facts would have entitled him to other relief — When demurrer will not be sustained on the ground that the court has not jurisdiction of the person of the defendant or of the subject of the action, unless the defects appear on the face of the complaint — Complaint must state facts, not simply conclusions — Code of Civil Procedure, section 263, subdivision 7 ; section 266.*

In an action on contract, brought in the New York Superior Court, by a resident of the city against a foreign corporation, where it does not appear on the face of the complaint that the contract was not made, executed or delivered within this state, nor that the summons was not served on an officer of the defendant within this city as prescribed by law, a demurrer will not be sustained on the ground that the court has not jurisdiction of the person of the defendant or of the subject of the action.

A demurrer interposed to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action should be sustained, if the facts stated in the complaint do not entitle the plaintiff to the relief specifically demanded therein, even though they would have entitled him to some other or different relief had he demanded it.

A complaint must state facts, from which conclusions are to be drawn, not simply conclusions.

*Special Term, March, 1884.*

DEMURRER by defendant to the complaint on the following grounds:

*First.* That the court has not jurisdiction of the person of the defendant.

*Second.* That the court has not jurisdiction of the subject of the action.

*Third.* That the amended complaint does not state facts sufficient to constitute a cause of action.

*Charles B. Alexander*, for defendant.

*William Settle*, for plaintiff.

INGRAHAM, J. — As to the first and second grounds of the demurrer, it is sufficient to say that the defects do not appear upon the face of the complaint.

By subdivision 7 of section 263 of the Code, a superior city court has jurisdiction where an action is brought by a resident of that city against a foreign corporation "to recover damages for breach of a contract or a sum payable by the terms of a contract, where the contraact was made, executed or delivered within this state," or "where the summons is served by delivery of a copy thereof within that city to an officer of the corporation, as prescribed by law."

By section 266 it is provided that the jurisdiction of a superior city court, in an action or special proceeding, must always be presumed, and where the defendants appear in the action, the want of jurisdiction is waived by appearance, unless it is pleaded in defense.

This is an action on contract. It does not appear on the face of the complaint that the contract was not made, executed or delivered within this State, nor that the summons was not served on an officer of the defendant within this city as prescribed by law, and it therefore does not appear on the face of the complaint that this court has not jurisdiction of the person of the defendant, or of the subject of the action.

As to the third ground of demurrer: This action must, I think, be deemed an action at law for the recovery of a specific sum of money. The only relief demanded in the complaint is a money judgment against the defendant. No other or different relief is asked for, and if plaintiff is not entitled, on the facts alleged in the complaint, to judgment for a specific sum of money against the defendant, the demurrer must be sustained (*Edson* agt. *Gervais*, 29 *Hun*, 454).

The agreement on which the action is brought provided

that whereas a portion of the assets of the company (defendant) are of uncertain value and cannot be made available as a part of the reserve of the company, and it has become necessary to reduce the liabilities of said company, the plaintiff agrees to reduce the amount of the policy payable to him two-fifths, viz.: From $2,000 to $1,200 ; and the defendant agrees that whenever said company shall realize from said uncertain assets any divisible surplus, which may properly be divided among the holders of policies so reduced, and said company will, from time to time, apportion to said policy its fair and equitable proportion of said divisible surplus by addition to said policy or otherwise, which dividend shall continue upon such reduced policies after they become due and are settled, as well as upon those which remain in force.

This is an express obligation of the defendant on the realizations from the "uncertain" assets of a divisible surplus which may properly be divided among the holders of policies so reduced. When a divisible surplus shall have been realized the company is bound to apportion to said policy its fair and equitable proportion, no discretion is vested in the company. It is not provided that the company may apportion, but it agrees it will apportion, that agreement is founded on a valid consideration and is one which the court can and should enforce.

Cases cited by defendant that where a board of commissioners are vested by statute with a discretion to apportion, such discretion will not be controlled by the court, do not apply to a case where one of the parties to the contract agree to apportion. In one case the statute expressly vests such discretion in third parties, in the other the party to the contract agrees to do a particular act.

The complaint alleges that since the execution and delivery of the said agreement defendant has realized from the uncertain assets referred to in said agreement a divisible surplus, which under the terms of the said agreement may properly be divided among the holders of reduced policies to such an

amount that the defendant may and can now properly and legally apportion to said policy issued to this plaintiff, and reduced by the terms of the said agreement, the full amount of the difference between the amount paid to this plaintiff thereon as aforesaid and the original amount of said policy, to wit, the sum of $800, and may and can properly and legally pay that amount to this plaintiff as promised by said agreement.

Are these allegations sufficient to give the plaintiff a right to a money judgment for $800, or any other sum? It will be noticed that the agreement is not to pay the policyholder any sum he is entitled to on any divisible surplus being realized from the uncertain assets, but to have apportioned to said policy its face and equitable proportion of such divisible surplus. He is entitled to his fair and equitable proportion; and before that can be ascertained it must appear what its fair and equitable proportion would be, and the defendant must then be required to apportion such a sum to the plaintiff. The word apportion means to "divide and assign in just proportion," "to distribute among two or more a just part or share to each;" and this is what the defendant has agreed to do, and such proportion must be ascertained before a judgment can be given against the defendant for a sum of money.

The case of *Boardman* agt. *The Lake Shore and Michigan Southern Railway Company* (84 *N. Y.*, 157), is instructive on this point.

That was an action brought to compel the defendant, a foreign corporation, to pay dividends on certain preferred stock. By the certificate of stock it was provided that "said stock is entitled to dividends at the rate of ten per cent per annum, payable semi-annually, etc., and the payment of dividends as aforesaid is hereby guaranteed."

In affirming a judgment in favor of the plaintiff requiring the defendants to pay dividends to him, and restraining defendants from paying dividends on its common stock until the claim of plaintiff was paid and satisfied," the court says,

at page 180 : " While, as a general rule, courts of equity will not exercise visitorial powers over corporations, and its officers are the sole judges as to the propriety of declaring dividends, and in this respect the court will not interfere with the proper exercise of their discretion, yet, where the right to the dividend is clear and fixed by the contract, and requires the directors to take action before it can be answered by a suit of law, and a restraint by injunction is essential to maintain the right of the stockholder, the interposition of a court of equity is a proper exercise of its power, and should be upheld. * * *

The judgment here requires a specific performance of the contract, and such relief could not be obtained by an action to recover the dividend."

The relief here would be for a specific performance of the agreement, viz.: To ascertain the divisible surplus and apportion it among the holders of reduced policies, but such relief is not asked for in this action, and as the defendant did not answer but demurred, plaintiffs are not entitled to such equitable relief (*Edson* agt. *Gervais*, 29 *Hun*, 425).

There is another objection to the complaint, which I think is well taken.

The complaint does not state facts; the allegations are simply conclusions. " That a divisible surplus has been realized which may properly be divided among the holders of reduced policies to such an amount that said defendant may and can properly and legally apportion to said policy held by this plaintiff the full amount of the difference between the amount paid and the full amount," are simply conclusions. The Code requires that the facts should be stated from which the conclusions are to be drawn.

The demurrer must therefore be sustained, and judgment ordered for defendant on the demurrer, with costs, with leave to plaintiff to amend within twenty days on payment of costs.