CHISM et al. v. SMITH.

(Supreme Court, Appellate Division, Third Department. May 20, 1910.)

1. DEDICATION (§ 19*)—ACTS CONSTITUTING—LAND FOR STREETS.
    When a camp association owning a tract of land lays it out into blocks and building lots with avenues and streets, and sells lots abutting on the avenues and streets with a right of way thereover, reserving title to the beds thereof, the streets and avenues are dedicated to the use of the lot owners and the public.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. § 35; Dec. Dig. § 19.*]

2. EJECTMENT (§ 9*)—RIGHT TO MAINTAIN—POSSESSION OF LAND IN STREET.
    One owning the title to land in a street subject to the public use could maintain ejectment for taking exclusive possession thereof and imposing thereon a burden inconsistent with the public easement.
    [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 26; Dec. Dig. § 9.*]

3. NAVIGABLE WATERS (§ 39*)—RIPARIAN AND LITTORAL RIGHTS.
    While upland owners have the right of access to the water and right to build docks and piers not interfering with navigation, the right is only an appurtenance or easement incident to their ownership of the land; but, if a private person builds a structure interfering with this littoral right of an upland owner, he can by appropriate action cause its removal.
    [Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. § 103; Dec. Dig. § 39.*]

4. EJECTMENT (§ 6*)—SCOPE OF REMEDY—PROTECTION OF LITTORAL RIGHTS.
    As the right to eject depends on superior title to the land itself, an upland owner cannot by ejectment cause removal of a structure interfering with his rights of access to water, and to build docks and piers into it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not interfering with navigation; such rights incident to ownership of the shore being incorporeal hereditaments.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 7–11; Dec. Dig. § 6.*]

5. EJECTMENT (§ 6*)—SCOPE OF REMEDY—INCORPOREAL HEREDITAMENT AS SUBJECT THEREOF.

Ejectment does not lie for an incorporeal hereditament, but only for a corporeal hereditament of which a sheriff can deliver possession.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 7–11; Dec. Dig. § 6.*]

6. APPEAL AND ERROR (§ 856*)—REVIEW—THEORY AND GROUNDS OF DECISION BELOW.

Plaintiff on the trial and on defendant's appeal claimed his action was purely ejectment, which he could maintain, but on the appeal it was suggested that, in view of the answer, it could be treated as equitable for removal of structures interfering with his right in waters of a lake; but defendant pleaded several special. defenses tending to defeat plaintiff's title, all the evidence was pertinent to ejectment, and at close of plaintiffs' case he moved to dismiss on ground that they had shown no title, and in requests for findings asked the court to rule that the action was not maintainable, and that an incorporeal hereditament could not be recovered in ejectment. Also in his brief on appeal plaintiffs' counsel said the gist of defendant's objection to recovery was that the structure was not proved to be on plaintiffs' land. Held, that the parties consistently maintained the action was one at law, and it could not be treated as equitable, so as to entitle plaintiffs to relief which they could not obtain by ejectment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3406; Dec. Dig. § 856.*]

Smith, P. J., and Kellogg, J., dissenting.

Appeal from Trial and Special Term, Warren County.

Action by John D. Chism, Jr., and another, against Sheldon D. Smith. There was a judgment for plaintiffs for less than they demanded, and both parties appeal. Reversed on defendant's appeal.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Daniel J. Finn, for plaintiffs.
Charles R. Patterson, for defendant.

HOUGHTON, J. In 1893 the Lake George Camp Association purchased a tract of land bordering on Lake George, and laid it out into blocks and building lots with avenues and streets, and subsequently sold lots abutting thereon with a right of way over such avenues and streets, reserving title to the beds of the streets in itself. One of these avenues was known as "White avenue," and ran to the lake shore between blocks ·designated "Nos. 10 and 13." The defendant purchased four lots abutting on another avenue and not bordering on the lake. Some of the streets and avenues upon which houses were built were worked as roadways, and it appears that others, including White avenue, as it approached the water, were not defined except by the maps according to which purchasers bought. A sea wall was built along the shore. There is some dispute as to its location, but it was out in the lake at least as far as low-water mark. Beyond this wall a

few inches, and directly across what would have been White avenue had it extended into the water, and as the court finds also in front of a portion of block 13, the defendant built a boathouse and dock adjacent thereto for his own private use. By mesne conveyances the plaintiffs acquired title to all the interest of the association in the land which remained after the conveyance of such lots as had been sold, which included the title to the bed of White avenue and the whole of blocks 10 and 13.

It was conceded on the trial, and found by the court, that the waters of Lake George are public waters, and that the owners of the upland have title only to low-water mark; the title to the bed of the lake being in the people of the state.

The plaintiffs brought this action in ejectment, pleading that they were the owners of the strip of land known as "White avenue," and alleging that the defendant withheld the possession of some part thereof from them and demanding possession with damages for withholding the same. On the trial, or at its conclusion, the court permitted an amendment of the complaint embracing an allegation of ownership in plaintiffs of block 13, and that the defendant's boathouse and pier were adjacent thereto. The action was tried before the court without a jury, and the plaintiffs were given judgment ejecting the defendant from that part of his boathouse and pier out in the lake beyond low-water mark adjacent to block 13, but refused such judgment so far as the same was adjacent to White avenue. The defendant appeals from the judgment as rendered, and the plaintiffs appeal because the court refused to give the full relief demanded.

We are of the opinion that the complaint should have been dismissed on the ground that an action of ejectment is not the proper remedy. We concur in the conclusion of the learned trial court that the streets and avenues laid out upon the tract of land by the plaintiffs' predecessors in title were dedicated to the public use. By the various maps circulated by the association, and from the deeds which it gave, it is apparent that it was the intention to dedicate the avenues and streets on the plot to the use of the lot owners and the public. Title to the beds of the streets, however, was expressly reserved in the deeds which were given, and the plaintiffs have succeeded to that title and own all of the streets subject to the public use. Had the defendant erected his dock and boathouse in White street, thus taking exclusive possession and imposing upon the land a burden inconsistent with the public easement, the plaintiffs could have maintained ejectment therefor. Westlake v. Koch, 134 N. Y. 58, 31 N. E. 321. So, too, if the boathouse and dock were upon block 13, the plaintiffs, being the owners, could have maintained ejectment. But neither the dock nor the boathouse which the defendant erected is on lands which belong to the plaintiffs; but both are built upon lands which belong to the people of the state, and such is the express finding of the court. While the owners of uplands have the right of access to the water and the right to build such docks and piers from such lands into the water as will not interfere with navigation, this right is only an appurtenance or easement incident to the ownership of the uplands. If a private person builds any structure which interferes with this littoral right of the owner of the

upland, he can by appropriate action cause its removal. Not, however, by ejectment, for the right to eject depends upon superior title to the land itself. Such rights incident to the ownership of the shore are incorporeal hereditaments. Ejectment does not lie for an incorporeal hereditament, but only for a corporeal hereditament of which a sheriff can deliver possession. Rowan v. Kelsey, 18 Barb. 484; Moore v. Brown, 139 N. Y. 127, 34 N. E. 772; Butler v. Frontier Telephone Company, 186 N. Y. 486, 79 N. E. 716, 11 L. R. A. (N. S.) 920, 116 Am. St. Rep. 563. It is apparent that the sheriff could not put the plaintiffs in possession of lands not belonging to them but belonging to the people of the state, whatever the character of the defendant's occupation may be.

Town of Brookhaven v. Smith, 188 N. Y. 74, 80 N. E. 665, and Barnes v. Midland Railway Terminal. Co., 193 N. Y. 378, 85 N. E. 1093, 127 Am. St. Rep. 962, upon which the plaintiffs rely, are not authorities sustaining the proposition that an action of ejectment lies for an interference with littoral rights. In the former the plaintiff owned the land under water by grant from the crown, and the action was for trespass; and in the latter case the action was in equity to restrain the defendant from interfering with the passage of the public over the beach between high and low water mark. An action in ejectment was held to lie in Champlain & St. Lawrence Railway Co. v. Valentine, 19 Barb. 484, only because the state had granted to the plaintiff the land under water in Lake Champlain below low-water mark.

Notwithstanding the claim of the plaintiff on the trial and upon the argument on appeal that the action is purely one of ejectment, and that it is maintainable as such, it is suggested that the action may be treated, in view of the answer of defendant,. as an equitable one for the removal of structures interfering with plaintiffs' right in the waters of the lake. The defendant pleaded several special defenses; all, however, tending to defeat the plaintiffs' title. All the evidence introduced upon the trial was pertinent to an action of ejectment. At the close of the plaintiffs' case, the defendant moved for dismissal of the complaint on the ground that the plaintiffs had shown no title to the property in question, and in his requests to the court to find he specifically asked the court to rule that the action was not maintainable, and that an incorporeal hereditament could not be recovered in an action of ejectment. The learned counsel for the plaintiffs in his brief says that the gist of the defendant's objection to recovery by plaintiffs was that the dock (as well as the boathouse) was not proved to be on land belonging to plaintiffs. There was not, therefore, either on the trial or the argument on appeal, any abandonment by plaintiffs of the position that ejectment would lie, or surrender by the defendant of his attitude that ejectment was not the proper remedy, and it would be doing violence to the pleadings and the course of the trial to treat the present action as one in equity when all parties have consistently maintained that it was one at law. Courts have become more and more liberal in the treatment of pleadings, and many strict rules with respect to various forms of action have been abrogated; but they have not yet gone so far as to abolish the distinctive features of an action of

ejectment. That it still retains its especial characteristics is illustrated by the discussion of the subject throughout the opinion in Butler v. Frontier Telephone Co., supra.

The plaintiffs having failed to prove that the defendant's dock and boathouse were upon lands belonging to them, the learned trial court erroneously granted them any relief whatever.

The judgment must be reversed, and a new trial granted, with costs to the appellant defendant to abide the event.

COCHRANE and SEWELL, JJ., concur.

JOHN M. KELLOGG, J. (dissenting). The defendant is the owner of certain lots of the Lake George Camp Association grounds, upon which he has a summer residence. His lots do not touch the lake, but are about two blocks distant. He built a boathouse upon a dock, which he constructed for that purpose in the lake, at low-water mark. It is conceded that Lake George is navigable waters and not private property, and we assume from the concession, and the manner in which the case was tried, that the title to the lands below low-water mark is in the people or the state. The plaintiffs' title runs to low-water mark only.

The greater part of the boathouse is at the end of White street; but a small part of it extends over in front of block 13. The court has found that White street extends between blocks 10 and 13 to the lake, and that the plaintiffs are the owners of said blocks and of all the lands formerly belonging to the Camp Ground Association which had not been sold to lot owners, and of the streets themselves, subject to the right of lot owners to use them as streets.

The lots were sold according to a map upon which various streets and avenues appear, and the conveyances were made describing the lots by lot and block numbers "with a right of way to and from said lot upon and over the streets or highways laid out upon said grounds, the title of which said streets or highways is reserved to the party of the first part."

The findings of fact by the court, and the conclusion that the action may be maintained against the defendant for a recovery of the land which is occupied by the boathouse and dock immediately in front of block 13, are satisfactory; but it is in error in the conclusion that the plaintiffs have no right of action with reference to that part of the defendant's boathouse situated at the end of White street. Defendant has no right to appropriate the water front at the end of this street to the exclusion of the plaintiffs and of all persons who purchased lots from the association. The association, by plotting these lands and selling them with reference to the map, retained the title to the streets themselves and only gave the purchasers a free right of way over and through the streets. The defendant, and all other lot owners, have the right to enter the lake from this street; but the defendant may not build a boathouse there and thereby assume the exclusive occupation of the street, or a material part thereof.

The rights of the owner of lands adjoining navigable waters have been so fully defined by recent decisions that it is unnecessary to discuss

them. Barnes v. Midland R. R. Terminal Co., 193 N. Y. 378, 85 N. E. 1093, 127 Am. St. Rep. 962; Town of Brookhaven v. Smith, 188 N. Y. 74, 80 N. E. 665. These cases seem to indicate that the owner of the uplands has a common-law right of access to navigable waters from the front of his land, including the construction and maintenance of a pier on the land under water beyond high-water mark for his own use, or the public use, subject to such general rules and regulations as Congress or the state may prescribe for the protection of the rights of the public. The Barnes Case holds that the public have the right to pass and repass between high and low water mark for the purposes of fishing, bathing, boating, or other proper purpose, and that, while the owner of the upland had the right to erect a pier, he may not unnecessarily interfere with the right of passage over the beach by the public, and that a person suffering special injury thereby is entitled to equitable relief, and that, if the owner of the upland erect unnecessary, useless structures interfering with such right of passage, a person injured thereby could have injunctive relief.

It is urged that such right is at most an incorporeal hereditament, and that ejectment does not lie for the recovery thereof, but that the remedy, if any, is an action in equity. Moore v. Brown, 139 N. Y. 127, 34 N. E. 772.

The recent cases, carried to their legitimate conclusions, establish that the plaintiffs have a common-law right to have the shore upon the navigable waters in front of their premises unobstructed by structures unlawfully built thereon, and that the illegal erection of a structure thereon is an invasion of their legal rights for which they may have a proper remedy.

It is not necessary to name this action as an action of ejectment or otherwise; the object of the action is to prevent the illegal interference by the defendant with the plaintiffs' common-law rights. The sheriff may restore to the plaintiffs the use of the property by a removal of the illegal structures. Butler v. Frontier Telephone Co., 186 N. Y. 486, 79 N. E. 716, 11 L. R. A. (N. S.) 920, 116 Am. St. Rep. 563.

While the complaint does not state all the facts upon which the plaintiffs' right to relief rests, the answer states further facts and demands equitable relief, and the complaint, the answer, and the reply fairly bring before the court the facts which are necessary to consider in determining whether the plaintiffs may have relief in this action.

No objection was made that evidence offered was outside of the pleadings; but the rights of the parties in every aspect of the case appear to have been freely litigated. The question tried was the right of the defendant to maintain the boathouse at the place where it is located. Under the pleadings, the court was required to determine whether the plaintiffs' alleged conveyances were unlawful clouds upon the defendant's title, and, if so, to remove them; whether the attempted conveyances of the streets, and the strip of land along the shore, were fraudulent and void, and, if so, to set them aside; to adjudge and determine whether the streets and the strip of land along the shore had been dedicated to the public use; and the court was required to grant "such other or further relief in the premises as may

seem proper." The object of the trial was to do, justice between the parties upon the facts alleged and the facts proved, the issue actually tried; and it would be a denial of justice to hold after this trial that, while the plaintiffs were entitled to a judgment restraining the defendant from maintaining a boathouse in front of their premises, they must fail in the action and be driven to another action because their complaint, technically construed, is for ejectment and not for equitable relief. The name is immaterial; the judgment should rest upon the facts actually litigated and foreshadowed by the entire pleadings, the complaint, the answer, and reply. This is not a case of surprise, but is a technical objection urged to do an actual injustice between the parties after a full and fair trial has been had. It is true that in his requests to find the defendant asks a finding as a conclusion of law that an incorporeal hereditament is not the subject of an action of ejectment; but the answer, the reply, and the course of trial had removed this case outside of the technical definition of an "action of ejectment."

The judgment for possession may be subject to the criticism that the plaintiffs acquire thereunder the boathouse itself. It should therefore be modified by directing that the judgment be executed by removing the boathouse from said premises unless the defendant, within 10 days from the entry of the judgment, shall cause the same to be removed.

The court having found all the facts, but drawn an erroneous conclusion of law with respect to some of them, it is competent for this court to give such judgment as a proper application of the rules of law to the facts found justify. Duclos v. Kelley, 197 N. Y. 76, 89 N. E. 875.

The court did not err in directing the amendment to the complaint. It is true that the complaint described the land occupied by the defendant as the 30 feet at the end of White street. It also described it as being a part of the "Garrison ground tract," so called, upon which the defendant has constructed and maintains a boathouse and dock. The evidence and recovery relate solely to the ground upon which the boathouse and dock were constructed. The judgment is fairly justified by the pleadings.

The judgment, therefore, should be modified as above, and by including all the premises occupied by the boathouse and dock, instead of only that part thereof opposite block 13, and as so amended is affirmed, with costs to the plaintiffs.

SMITH, P. J., concurs.