JOHN D. CHISM, JR., et al., Appellants, v. SHELDON D. SMITH, Respondent.

Practice — pleading — action for ejectment — erroneous dismissal of complaint upon ground that it did not state facts sufficient to constitute a cause of action.

1. A motion to dismiss a complaint upon the ground that it does not state facts sufficient to constitute a cause of action is equivalent to a demurrer for insufficiency, and where a complaint in ejectment alleged that plaintiff was seized of the land described therein and was entitled to the immediate possession thereof, which was withheld by defendant, a motion to dismiss at the opening of the trial was improperly granted.

2. The fact that the complaint describes two parcels of land and that the allegation that "Defendant is in possession *thereof* and withholds the same," immediately follows the description of one of the parcels, does not restrict such allegation to that parcel.

*Chism* v. *Smith*, 150 App. Div. 893, reversed.

(Argued January 14, 1914; decided February 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 11, 1912, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury in an action of ejectment.

The facts, so far as material, are stated in the opinion.

*Daniel J. Finn* and *Walter A. Chambers* for appellants. Under the allegations of the complaint ejectment will lie to recover the uplands and the boat house and dock as appurtenant thereto, even if the boat house and dock are wholly below low-water mark. (*Brookhaven* v. *Smith*, 188 N. Y. 74; *Rowan* v. *Kelsey*, 18 Barb. 484; *Butler* v. *Frontier Telephone Co.*, 186 N. Y. 486; *Sisson* v. *Cummings*, 35 Hun, 22; *Jackson* v. *Buell*, 9 Johns. 296; *Nolan* v. *R. P. I. Co.*, 76 Hun, 458; *Chism* v. *Lamb*, 63 Misc. Rep. 209; *Chism* v. *Smith*, 138 App. Div. 715; *Barnes* v. *M. R. R. T. Co.*, 193 N. Y. 378.)

*Charles R. Patterson* for respondent.

WILLARD BARTLETT, Ch. J. This appeal brings up for review the second trial of this case. Upon the first trial the plaintiffs prevailed in part but were not granted all the relief they sought. Thereupon, both parties appealed to the Appellate Division, where the judgment was reversed and a new trial was granted because that court was of the opinion that the complaint should have been dismissed on the ground that ejectment was not the proper remedy. (*Chism* v. *Smith*, 138 App. Div. 715.) Thereafter the plaintiffs were permitted to amend the

complaint, and at the opening of the second trial the defendant moved to dismiss the complaint on the ground that it did not as then constituted state facts sufficient to constitute a cause of action. This motion was granted and the defendant had judgment accordingly, which has been affirmed by the Appellate Division. The plaintiffs now appeal from the judgment of affirmance.

The amended complaint reads as follows:

"*First.* That the plaintiffs are seized in fee simple and entitled to the immediate possession of the following described premises:

"All that lot, piece or parcel of land situate, lying and being in the Town of Caldwell, County of Warren and State of New York, within the grounds formerly owned by the Lake George Camp Association as laid down on the diagram of said grounds on file in the office of the Clerk of the County of Warren, bounded and described as follows: Bounded on the North by land owned by John D. Chism, Jr., and George M. Chism, the plaintiffs herein; on the East by lands owned by said plaintiffs; on the South by lands owned by said plaintiffs, and on the West by the shore of Lake George. Being a strip of land *over* thirty feet in width along the said lake shore, and extending back about 168 feet from the low water mark of Lake George; and said premises are situate *partly* between Block No. Ten and Block No. Thirteen as laid down on said map or diagram of the grounds formerly owned by the Lake George Camp Association, on file in the office of the Clerk of Warren County, N. Y., and being a portion of the Garrison Ground Tract, so called, upon which the defendant has constructed and maintains a boat house and dock, and which said boat house and dock extends along and in front of Block No. Thirteen.

"*Second.* That the defendant is in possession thereof and withholds the same from plaintiffs."

The plaintiffs, therefore, demand judgment for the

possession of said premises; for $100 damages for withholding the same; and for $500 damages for injuries caused by the acts of the defendant while in possession of the property.

It will be observed that the foregoing description relates to two sorts of property: (1) A strip of upland on the shore of Lake George, over thirty feet wide and extending back 168 feet from low-water mark; and connected therewith (2) a boat house and dock extending along and in front of block No. thirteen. We gather from the prevailing opinion of the Appellate Division upon the review of the first trial that it was then made to appear that the boat house and dock were built upon lands belonging to the People of the State; and hence it was held that ejectment would not lie. (*Chism* v. *Smith, supra.*) Assuming that the opinion of the Appellate Division compelled the learned trial judge who conducted the second trial to hold that the action was not maintainable so far as it related to the boat house and dock, we do not see why the complaint does not state facts sufficient to constitute a cause of action so far as the upland is concerned. The suggestion is made that the allegation in the second paragraph of the complaint "that the defendant is in possession *thereof* and withholds the same from plaintiffs" applies only to the boat house and dock and not to the upland; but this limitation would be an extremely forced construction and we do not regard it as permissible. In *Kain* v. *Larkin* (141 N. Y. 144, 149, 150) the trial court, upon the defendant's motion and without taking any proof, dismissed the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. "The appeal, therefore," said Judge O'Brien, "presents but a single question, and that is whether, in law, the complaint was sufficient as a pleading to give the plaintiff a standing before the court sufficient to enable her to make out her case by proof if she could." Such a motion to dismiss is equivalent to a demurrer for insuffi-

ciency. (*Abbott* v. *Easton*, 195 N. Y. 372, 376.) For the purposes of the motion, therefore, the defendant admitted that the plaintiffs were seized in fee simple of the upland described in the complaint and entitled to the immediate possession of the same, which was withheld from them by the defendant. There was nothing in the opinion of the Appellate Division which could possibly be construed as holding that these facts did not constitute a cause of action. The fact that the plaintiffs may have claimed more than they could prove they were entitled to recover did not make their pleading bad. It would seem that the case must have been disposed of by the courts below upon some implied understanding as to the scope of the complaint which is not disclosed by the record. As it comes to us, the dismissal appears clearly to have been erroneous. The judgments of the Appellate Division and the Trial Term must, therefore, be reversed and a new trial granted, with costs to abide the event.

WERNER, HISCOCK, COLLIN, CUDDEBACK and MILLER, JJ., concur; CHASE, J., dissents.

Judgment reversed, etc.