## LOW v. SWARTWOUT et al.

(Supreme Court, Appellate Division, First Department.   March 17, 1916.)

1. PARTNERSHIP ☞95—RETIREMENT OF PARTNERS—RIGHTS OF RETIRING PARTNER—"FIRST LIEN AND CHARGE."

Upon B.'s retirement from a partnership, an agreement was made providing that the joint stock in trade should be the sole property of the continuing partners, that a lease of premises occupied by the firm and all other property belonging to the firm was thereby transferred to them, that an accounting should be had, and upon the receipt by B. of the amount found to be due him his interest in the property and assets should cease, and that the business should be carried on by the continuing partners for their own benefit and at their own risk. It further provided that the continuing partners were to pay B. for his interest and the good will of the partnership $5,000 a year during his life, or such less amount as might be earned as profits, which amount should be a first charge and lien upon the business. *Held*, that the "first lien and charge" was merely a preferential right to payment before the continuing partners should be entitled to receive any part of the profits, and there was no lien which could be foreclosed in equity, as there was nothing to which a lien could attach, since it did not attach to the property and assets existing at the time, nor to the future unmade and unascertained profits.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 142; Dec. Dig. ☞95.]

2. SPECIFIC PERFORMANCE ☞62—EQUITABLE LIENS—AFTER-ACQUIRED PROPERTY—REMEDY AT LAW.

While under certain circumstances an equitable lien may attach to property afterwards coming into possession, as when a mortgage is made specifically to cover after-acquired property, the right of action for specific

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

performance, by virtue of which equity ·establishes such lien, will only. lie when there is no adequate remedy at law.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 188; Dec. Dig. ☜62.]

3. PARTNERSHIP ☜299—ACCOUNTING—PARTNER SELLING INTEREST.

Where, upon B.'s retirement from a partnership, the continuing partners agreed to pay him $5,000 annually during his life, or such less amount as might be earned as profits for his interest in the business and the good will of the partnership, but it was further agreed that he was not to be an active or silent partner, or have any interest in the firm, his assignee could not maintain an equitable action for an accounting as to profits, as B. and his assignee were not partners of the continuing members of the firm, and were not engaged with them in any common enterprise or joint venture, and no fiduciary or trust relations existed between them.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 687–691; Dec. Dig. ☜299.]

4. EQUITY ☜41—COMPLAINT—SUFFICIENCY—LEGAL OR EQUITABLE CAUSE OF ACTION.

Upon B.'s retirement from a partnership, the continuing partners agreed to pay him for his interest $5,000 a year, or such less amount as might be earned as profits during his life. His assignee brought suit, alleging a failure to make payments under such agreement after demand, and asking judgment that he be decreed to have a first lien and charge on the business for the amount due, that defendants be compelled to render an account of the business, that the lien be enforced and that defendants pay over to plaintiff. the amount due and owing, that defendants be enjoined from transferring or disposing of the assets of the business until payment, and that a receiver be appointed. *Held,* that a demurrer to the complaint should have been sustained, as, no answer having been interposed, the complaint could not be sustained as stating a cause of action at law, in view of Code Civ. Proc. § 1207, providing that, where there is no answer, the judgment shall not be more favorable to plaintiff than that demanded in the complaint.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 116–118; Dec. Dig. ☜41.]

McLaughlin and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Walter Carroll Low, as trustee of Courtlandt Babcock and another, against Richard H. Swartwout and others. From an interlocutory judgment overruling their demurrer to the complaint, defendants appeal. Reversed, and demurrer sustained.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Murray, Prentice & Howland, of New York City (Charles P. Howland, of New York City, of counsel), for appellants.

Don Carlos Buell, of New York City (Walter Carroll Low, of New York City, of counsel), for respondent

CLARKE, P. J. The action was brought on an agreement under which Courtlandt Babcock retired from the copartnership of Babcock, Swartwout & Co., in which he was engaged with the defendants Swartwout and Appenzellar in the business of note and stock brokers. By the terms of this agreement, Swartwout and Appenzellar were to pay

Babcock for his interest and the good will of said partnership $5,000 per annum, "or such less amount as may be earned by them for profits from their business as commercial paper or bond or stock brokers, or either, or both, which amount shall be a first charge and lien upon the business of Swartwout & Appenzellar," and their successors, to be paid in equal monthly installments on the 1st day of each and every month of each and every year during the life of said Babcock. It was further agreed that Babcock was not to be nor remain either an active or a silent partner in said firm, nor have any interest whatsoever therein, further than the lien or charge aforesaid, and Babcock agreed that he would not at any time engage in business as a commercial paper broker.

The complaint alleged that for a number of years subsequent to November 1, 1905, said firm paid to plaintiff under said agreement an amount equal to $5,000 per annum as therein provided, and upon information and belief that the amount earned by said firm for profits for the fiscal year ending October 31, 1914, exceeded the sum of $5,-000, and that said sum became due and payable on November 1, 1914, and "became and is a first lien and charge upon the business of said defendants, and plaintiff brings this action to foreclose said lien." Due demand is alleged, "but that defendants have stated and represented to plaintiff that their said business was conducted at a loss during the fiscal year ending October 31, 1914," and they have failed and refused to pay said $5,000, or any installments thereof. It is further alleged that on May 24, 1912, Courtlandt Babcock duly assigned said agreement to plaintiff, and all his right, title, and interest thereto and thereunder, and all moneys due and to grow due by virtue thereof, under the express trust to receive and collect the principal, interest, and income arising under said agreement and to apply the same to the use of said Babcock and Bertha B. Babcock. Judgment is demanded (1) that the plaintiff be decreed to have a first lien and charge for the amount due "upon the said business of the said defendants and each of them"; (2) that the defendants be compelled to render an account of said business for the year in question, that the lien be enforced against said business, and "that the defendants pay over to the plaintiff the amount now due and owing by defendants to plaintiff as aforesaid"; (3) that the defendants be enjoined from transferring or disposing of the assets of their said business until the payment of said first charge and lien, and that a receiver be appointed.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The learned Special Term overruled the demurrer, and the defendants appeal.

The pleader has clearly attempted to state a cause of action in equity, and has demanded equitable relief, viz. the foreclosure of a so-called lien, an accounting, a receiver, and an injunction. The respondent states in his brief: "The plaintiff seeks to enforce a lien provided for in the agreement," and claims that the complaint sets out a good cause of action in equity for the foreclosure of a lien, basing his contention upon the specific language of the contract, "which

shall also be a first lien and charge upon the business of Swartwout & Appenzellar, * * * and which shall also be a first lien and charge upon the business of the successor or successors of said firm; * * * the intent being that the charge and lien aforesaid shall continue as against said business, irrespective of the retirement or addition of any individual, firm, or corporation as a partner or otherwise." And again: "Nor shall he have any interest whatsoever therein further than the lien or charge aforesaid." He further claims that he is entitled to an equitable action for an accounting to determine the profits.

[1] It seems to me that the language of the agreement, "first lien and charge," meant no more than this, viz., that out of any profits that might be made the plaintiff had a preferential right to payment up to $5,000 per annum before the partners should be entitled to receive any part of said profits. I cannot find anything to which a lien, as known to the law or in equity, could attach. It certainly did not attach to the property and assets existing at the time of the execution of the agreement, because that instrument provided:

"The joint stock in trade shall from said 1st day of November, 1905, become, remain, and continue the sole property of said Richard Swartwout and Paul Appenzellar, and the lease of the premises now occupied by said firm and all other property belonging to said firm shall be and the same hereby is assigned, transferred, and set over" to them.

It further provided for a closing of the books of the copartnership as of the 1st of November, 1905, and a final accounting inter sese, "and upon the receipt by said Courtlandt Babcock of the money and property found to be due to him on said accounting all his interest in the property and assets shall cease." It was also provided:

"That said business shall be exercised and carried on from the 1st day of November, 1905, by 'said Swartwout and Appenzellar' for their own benefit only and at their own risk."

[2] The business could not be carried on if a lien was attached to any or all of the property and assets of the partnership. Nor has any lien attached to future unmade and unascertained profits. Under certain circumstances an equitable lien may attach to property thereafter coming into possession, as when a mortgage is made specifically to cover after-acquired property. This upon the doctrine that the mortgage, although inoperative as a conveyance, is operative as an executory agreement which attaches to the property when acquired.

"It is most commonly regarded as an application of the principles of specific performance, and it is evident that what is actually done is to enforce the mortgagor's agreement that his future property shall be mortgaged or stand as security." Williston on Sales, § 130.

The right of action for specific performance by virtue of which equity establishes the aforesaid lien will only lie when there is no adequate remedy at law.

[3] Such is not the case here. Plaintiff has a perfect action at law, based upon a clear and enforceable agreement to recover a sum of money. Nor is there any basis for an equitable action for an account-

ing. Neither plaintiff nor his assignor is a partner of defendants. They are not engaged in a common enterprise or a joint venture, and no fiduciary or trust relations exist between them. They bought all he had, and agreed to pay therefor at certain times and in a specified way.

[4] But it is claimed that, if no cause of action in equity is set up in the complaint, enough facts are stated to warrant a recovery at law. But no answer has been interposed.

In Swart v. Boughton, 35 Hun, 281, an appeal from an interlocutory judgment overruling a demurrer to the complaint, Mr. Justice Haight said:

"Section 1207 of the Code provides that: 'Where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. Where there is an answer the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue.' This complaint contains the general prayer for such other and further relief as to the court may seem proper. If an answer had been put in, and a trial had, it is possible that the court might award the plaintiff possession of the land; but in granting judgment where there is no answer we do not understand that relief can be granted other than that specifically asked for. * * * We do not forget that the failure of the plaintiff to pray for the precise relief to which he is entitled is not a ground for demurrer. But section 481 of the Code provides that the complaint must contain a demand for the judgment to which the plaintiff supposes himself entitled, and this demand may properly be considered by the court in determining the nature of the action set forth in the complaint, whether it is an action at law or one in equity, whether the parties would be entitled to a trial by jury or by the court"—citing Edson v. Girvan, 29 Hun, 422; Fisher v. Charter Oak Life Insurance Company, 67 How. Prac. 191; Alexander v. Katte, 63 How. Prac. 262; Kelly v. Downing, 42 N. Y. 71.

He said:

"It thus appears to us that where all of the allegations of the complaint are made for the purpose of procuring equitable relief, and where equitable relief alone is asked for, the complaint cannot be sustained for legal redress where no answer has been interposed."

And the judgment was reversed, and the demurrer sustained.

In Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, Mr. Justice O'Brien said:

"Reading the allegations of the complaint in the light of the prayer for relief, there can be no doubt that what the plaintiff sought was equitable relief in an equitable action. Were there any such doubt, it would be dispelled by the statement in the brief of the plaintiff on this appeal that 'the amended complaint states a good cause of action for equitable relief, and upon the allegations contained in the amended complaint the plaintiff is entitled to maintain an action for an accounting.' It is true that in a subsequent part of the brief is the contention that if, upon the facts stated, the plaintiff was entitled to any redress, legal or equitable, it was error for the court to sustain the demurrer. This latter proposition for which the appellant contends has been applied in cases where an answer has been interposed and thereafter the sufficiency of the complaint was questioned. We can find, however, no authority for the proposition that where a suit is brought in equity for equitable relief, and the defendant demurs, it then becomes the duty of the court, where the facts would not warrant equitable redress, to hold that the demurrer is bad because it might be concluded, upon some construction of the allegations of the complaint, that the plaintiff has stated certain facts which, disregarding all the others, might convert the suit into an action at law. It

is true that a party is not to be turned out of court merely because he has failed to demand the precise remedy to which he is entitled, and that he may state in his complaint the facts upon which he relies in such a manner as to entitle him either to legal or equitable relief. But here no legal redress is demanded, and it conclusively appears that the complaint was framed for equitable relief alone"—citing Swart v. Boughton, 35 Hun, 281, and stating: "That case was followed by this court in Cody v. First National Bank, 63 App. Div. 199 [71 N. Y. Supp. 277], and in view of the very full discussion there of the exact question here presented for consideration, it is unnecessary to add to what was therein said."

In the Cody Case, supra, Mr. Justice Hatch, writing the unanimous opinion of this court, said:

"We have examined the cases cited by respondent, in which it is held that the complaint must be sustained if the facts as alleged entitled the plaintiff to any relief, no matter whether his prayer is addressed to the legal or equitable jurisdiction of the court; and when the facts stated in the complaint entitle the plaintiff to relief in equity a demurrer will not lie, because he has not asked for it in the form in which he is entitled to it. In each of the cases cited under the first branch of the proposition there was an answer interposed, and in those cited under the second branch some form of equitable relief has been asked for, or the pleading was framed with a view to such relief, showing that the action was addressed to the equity jurisdiction. The cases are therefore clearly distinguishable from the case at bar."

These cases were followed in Perrin v. Smith, 135 App. Div. 127, 119 N. Y. Supp. 990, where this court said:

"It is the rule that where a complaint is framed in equity, and upon demurrer it has been decided that no equitable cause of action is stated, the complaint may be dismissed [citing cases]. But the same cases hold that, when an answer has been put in, the complaint should not be dismissed, if a cause of action was stated, no matter what relief was prayed."

And in Reich v. Cochran, 162 App. Div. 619, 147 N. Y. Supp. 1090, this court sustained a demurrer to the complaint, which was framed in equity, only equitable relief being asked, upon the foregoing cases, stating:

"The distinct allegation is made that the re-entry was hostile; that it was 'without the consent of the plaintiff and against his protest.' Against such a re-entry the plaintiff's remedy at law was perfect, and there was no reason for a resort to equity. He might have brought ejectment, and thus reinstated himself in possession. * * * Taking the complaint as it is drawn, we are unable to find that it states a sufficient cause of action in equity. The demurrer should therefore have been sustained."

It is true that this was reversed in 213 N. Y. 416, 107 N. E. 1029, by a vote of 4 to 3, a majority and a minority opinion being written; but it was reversed upon the distinct ground that in the view of the majority a cause of action in equity had been stated, and in neither opinion was there a suggestion made that a demurrer would not lie if no equitable cause of action had been stated.

So that it seems to me that the judgment appealed from, overruling the demurrer, is erroneous upon the foregoing authorities. Independently thereof, as a matter of common sense, and in the interests of good practice, and for the convenience of the court and the parties, a complaint should be so framed as to present the real issue which is intended to be litigated, so that it may be noticed and brought on for

trial in the proper part of the court. The plaintiff is not thrown out of court. He is simply asked to properly frame his complaint. If the defendant does not take timely steps to procure this result, but interposes an answer, and waits until the trial to raise the question, an entirely different proposition is presented. Here the point is raised before answer. The rule hereinbefore laid down makes for good pleading and for good practice.

The interlocutory judgment appealed from should be reversed, and the demurrer sustained, with costs to the appellants in this court and at the Special Term, with leave to the respondent, upon payment thereof and within twenty days after service of notice of entry of order, to serve an amended complaint.

SMITH and DAVIS, JJ., concur.

McLAUGHLIN, J. (dissenting). When Courtlandt Babcock, plaintiff's assignor, retired from the firm of Babcock, Swartwout & Co., the other members agreed to thereafter pay him, for his interest in the good will of the business, from the profits, $5,000 annually, or, if that amount were not made, then such amount as were made. The agreement was in writing, and is annexed to and made a part of the complaint. It may well be doubted, under the allegations of the complaint, when read in connection with the agreement, whether a cause of action in equity is not stated. The legal effect of the agreement, as I read it, is that the payments to be made to Babcock are from the profits of the business thereafter to be made. If profits were made, and the defendants threatened to divide the same among themselves before paying the plaintiff, I am inclined to think a court of equity would have the power to enjoin such division. It is true there are no allegations in the complaint that the defendants had threatened to make such division; but such allegations were unnecessary, in view of the fact that they deny any profits have been made. But for the purpose of the discussion I assume that the complaint does not state a cause of action in equity. Nevertheless I am of the opinion that it states a good cause of action at law, and for that reason the demurrer was properly overruled. It alleges that for the year beginning November 1, 1913, and ending October 31, 1914, $5,000 profits were made; that the same has not been paid; that the whole amount is due, and the demand for judgment is "that the defendants pay over to the plaintiff the amount now due and owing by defendants to plaintiff as aforesaid. * * *"

The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and in determining that question every allegation of fact, as well as those which may be reasonably implied therefrom, must be taken as true. Coatsworth v. Lehigh Valley R. R. Co., 156 N. Y. 451, 51 N. E. 301; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. A plaintiff is not obliged to label his complaint, or state therein whether he is proceeding at law or in equity, since the distinction that formerly existed between actions at law and suits in equity has been abolished. Code Civ. Proc. § 3339. All

that is required is that the complaint shall contain a plain and concise statement of the facts constituting the cause of action and a demand for judgment. Code Civ. Proc. § 481. The general rule is, if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable, the complaint is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action (Abbey v. Wheeler, 170 N. Y. 122, 127, 62 N. E. 1074; Mitchell v. Thorne, 134 N. Y. 536, 542, 32 N. E. 10, 30 Am. St. Rep. 699; Gillespie v. Montgomery, 93 App. Div. 403, 87 N. Y. Supp. 701; Hotel Register Co. v. Osborne, 84 App. Div. 307, 82 N. Y. Supp. 609; Squiers v. Thompson, 73 App. Div. 552, 76 N. Y. Supp. 734, affirmed 172 N. Y. 652, 65 N. E. 1122; Lester v. Seilliere, 50 App. Div. 239, 63 N. Y. Supp. 748; Middleton v. Ames, 37 App. Div. 510, 57 N. Y. Supp. 443), nor because the party has not demanded the precise relief to which he appears to be entitled (Wetmore v. Porter, 92 N. Y. 76).

Where a motion has been made for judgment on the pleadings under section 547 of the Code of Civil Procedure, it has been held that such a motion is equivalent to a demurrer for insufficiency (Chism v. Smith, 210 N. Y. 198, 104 N. E. 131; Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572), and that such motion cannot be granted if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable (Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890; Gee v. Pendas, 66 App. Div. 566, 73 N. Y. Supp. 247).

But it is contended that a contrary rule has been established where an answer has not been interposed, and in such case, if it appears that the action was brought in equity and no cause of action in equity is set out, then the demurrer should be sustained, even though facts are stated to warrant a recovery at law. The authorities cited, among others, in support of that contention, are Swart v. Boughton, 35 Hun, 281, Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, Cody v. First National Bank, 63 App. Div. 199, 71 N. Y. Supp. 277, Perrin v. Smith, 135 App. Div. 127, 119 N. Y. Supp. 990, and Reich v. Cochran, 162 App. Div. 619, 147 N. Y. Supp. 1090. Each of these cases is distinguishable from the present one, unless it be Black v. Vanderbilt, supra. Thus, in Swart v. Boughton, supra, only equitable relief was asked for and the court held:

"That where all the allegations of the complaint are made for the purpose of procuring equitable relief, and where equitable relief alone is asked for, the complaint cannot be sustained * * * for legal redress, * * * where no answer has been served."

In Cody v. First National Bank, supra, money damages were demanded, while the complaint showed the only right of plaintiff was in equity. The converse of the proposition was held in Reich v. Cochran, supra, where the only relief demanded was in equity, and the facts showed that, if plaintiff were entitled to recover at all, he had an adequate remedy at law. On appeal, this court was reversed; the Court of Appeals holding a cause of action in equity was stated. Perrin v. Smith, supra, was an appeal from an order denying a motion for judgment on the pleadings, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The order

was affirmed, and the statement in the opinion to the effect that, if a demurrer had been interposed instead of an answer, it would have been sustained, is dictum and nothing else. In Black v. Vanderbilt, supra, the decision was put upon the ground that:

"No legal redress is demanded, and it conclusively appears that the complaint was framed for equitable relief alone."

I concurred in the prevailing opinion in that case, but subsequent consideration of the question involved has led me to the conclusion that the decision was against the weight of authority, and, if not, has since been overruled by this court (Squiers v. Thompson, supra; Gillespie v. Montgomery, supra; Hotel Register Co. v. Osborne, supra), and is contrary to the rule laid down by the Court of Appeals. That court, in Abbey v. Wheeler, supra, said:

"When a complaint is met by a demurrer on the ground that no cause of action is stated, the question always is, assuming every fact alleged to be true, whether enough has been well stated to constitute any cause of action whatever. If the facts alleged in the complaint justify a recovery, either at law or in equity, it cannot be held that the demurrer is well taken, although the pleading may be open to correction by motion or otherwise."

This was but a restatement of the rule previously laid down by the same court. Thus, in Mitchell v. Thorne, supra, it said:

"If the facts stated in a complaint are sufficient to constitute a cause of action, whether legal or equitable, the complaint is not demurrable on the ground that it does not state sufficient facts, because the judgment demanded is inconsistent with the cause of action stated, nor because both legal and equitable relief are demanded when plaintiff is entitled to but one."

Under our system of practice, a defendant may demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and in this way the issue raised can be determined; or he may demur or answer, and then move for judgment upon the pleadings; or he may wait until the cause is moved for trial, and then ask for a dismissal. In each case the question presented is: "Do the facts set out in the complaint state any cause of action?" The answer to the question is determined, and "as a matter of common sense and in the interest of good practice" should be, by the application of the same general rule. To have one rule for determining the sufficiency of a complaint, where a demurrer is interposed, and another where an answer is interposed, is not in the interest of good practice or the promotion of justice. Not only this, but the sufficiency of a complaint can never be determined by, or depend upon, an act of the adverse party. It must stand or fall according to the allegations contained in it. It cannot be that its sufficiency depends upon whether an answer or demurrer has been served.

The facts set out in the complaint are ample to warrant a recovery at law for damages for breach of contract. The demand for judgment is appropriate for such recovery, and I am clearly of the opinion that the demurrer, for that reason, was properly overruled, and the judgment should be affirmed.

DOWLING, J., concurs.