(174 App. Div. 332)

CHISM et al. v. SMITH.

(Supreme Court, Appellate Division, Third Department. September 13, 1916.)

1. NAVIGABLE WATERS  ⊜⇒36(3)—LAND BELOW LOW-WATER MARK—TITLE TO.
     While, ordinarily, the land between low and high water mark belongs to the state, yet defendant, who went on such land, which had been in the

possession of the owner of the upland, cannot defeat an action by the latter on the ground that the state had title; the state not disputing the title of the owner of the upland.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. § 186; Dec. Dig. ☛36(3).]

2. NAVIGABLE WATERS ☛39(3)—RIPARIAN PROPRIETORS—RIGHTS OF.
Riparian rights exist on the banks of navigable waters as well as unnavigable streams; a riparian proprietor on navigable waters having a right of access to the water for the purposes of navigation.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 243, 244; Dec. Dig. ☛39(3).]

Appeal from Trial Term, Warren County.

Action by John D. Chism and another against Sheldon D. Smith. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Reversed and remanded.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Chambers & Finn, of Glens Falls (Daniel J. Finn, of Glens Falls, of counsel), for appellants.

Charles R. Patterson, of Glens Falls, for respondent.

LYON, J. The action is in ejectment. The appeal is from a judgment entered upon a dismissal of the complaint at the close of the trial. The case has been three times tried. It has been once before the Court of Appeals (210 N. Y. 198, 104 N. E. 131), and twice heretofore before this court (138 App. Div. 715, 123 N. Y. Supp. 691, order amended 140 App. Div. 885, 124 N. Y. Supp. 1112; 150 App. Div. 893, 133 N. Y. Supp. 1115).

In 1893 the Lake George Camp Association acquired from one Seelye a 10-acre tract of land situated in the county of Warren, N. Y., described as bounded on the west by the shore of Lake George at low-water mark as it winds and turns. The association laid out the tract into streets, avenues, blocks, and lots. The conveyances made by the association granted a right of way over the streets and avenues, but reserved title thereto in itself. About 1897 the association became insolvent, and the unsold portion of the tract was sold under execution. It was bought by one Griffin, to whom conveyance was made by the sheriff in 1898. The plaintiffs in 1900 became the owners, by conveyance from Griffin, of blocks 10 and 13, which bordered upon the lake. The blocks were separated by White avenue, which was 30 feet wide and ran westerly to the lake. In 1900 the defendant became the owner by conveyance from Griffin of four lots in the tract, no one of which abutted either upon the lake or upon White avenue. In 1900 the defendant, against the protests of the plaintiffs, erected a boathouse and dock on the shore of the lake. The boathouse and dock extended about 23 feet crosswise of White avenue and about 7 feet in front of block 13. This action was brought to recover possession of a strip of land described as being over 30 feet in width along the lake shore and about 168 feet deep, upon which the defendant had constructed and was maintaining a boathouse.

☛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Upon the first trial of the action the concession was made, and the court found, as stated in the prevailing opinion, that the waters of Lake George were public waters, with the title to the bed of the lake up to low-water mark in the state, and with the title down to low-water mark in the owners of the upland. Upon appeal it was held by a closely divided court that the right of access of the owners of the upland was an incorporeal hereditament, and that ejectment did not lie in favor of the owners of the upland by reason of defendant's interference below low-water mark with plaintiffs' access to the waters of the lake. 138 App. Div. 715, 123 N. Y. Supp. 691, order amended 140 App. Div. 885, 124 N. Y. Supp. 1112. The court accordingly affirmed the judgment so far as appealed from by the plaintiffs, and reversed it so far as appealed from by the defendant, and granted a new trial.

Upon the second trial the court dismissed the complaint as not stating a cause of action. Upon appeal to this court the judgment was affirmed. 150 App. Div. 893, 133 N. Y. Supp. 1115. Upon appeal to the Court of Appeals the judgment was reversed, and a new trial granted; the court holding that the action related to the upland, as well as to the boathouse and dock.

Upon the third trial of the action the court found, upon new evidence then offered, that a substantial portion of the boathouse and dock was above low-water mark, but wholly below high-water mark; that the plaintiffs were the owners in fee of the portion of White avenue in question; that the defendant had no interest in the lands of the plaintiffs, except the right to pass over the portion thereof known as White avenue; and that the lands of the plaintiffs were bounded on the west by high-water mark, and hence that the defendant was not in possession of, nor withholding from, the plaintiffs any lands belonging to them. The court thereupon dismissed the complaint. From the judgment entered thereon this appeal was taken.

[1] We think the holding of the trial court that the plaintiffs' title extended only to high-water mark was contrary to the evidence, and calls for a reversal of the judgment. The only proof upon the subject was that afforded by the several deeds, covering a period of upwards of 20 years, through which the plaintiffs derived their title. Each one of these conveyances bounded the lands on the west by the shore of Lake George at low-water mark. Upwards of 20 years' possession of block 13 in the plaintiffs and their predecessors in title was shown. During that period the owners laid the tract out into lots and streets, built a sea wall, apparently partly above and partly below low-water mark, cleared the land, which was too hilly and rocky to be cultivated, of brush, mowed the grass and weeds, graded a portion of the land, and sold a part of it. Evidently the owners put the land to the only use of which it was susceptible. The possession of the plaintiffs and their grantors was the possession of the whole of block 13 and of White avenue within the boundaries described in their deeds. Ramapo Mfg. Co. v. Mapes, 216 N. Y. 362, 372, 110 N. E. 772; Shinnecock Hills & Peconic Bay Realty Co. v. Aldrich, 132 App. Div. 118, 116 N. Y. Supp. 532, affirmed 200 N. Y. 533, 93 N. E. 1132; McRoberts v. Bergman, 132 N. Y. 73, 30 N. E. 261.

The state is not disputing plaintiffs' claim of ownership to low-water mark. The defendant was not shown to have been in any way privy to the rights of the state. The state, if possessed of the title to the bed of the lake, unquestionably had the right to convey its rights to the plaintiffs' predecessor in title. This proof of upwards of 20 years' record title and possession was prima facie sufficient for the maintenance of the action, especially as against the defendant, a stranger to the title. 9 R. C. L. p. 844. While the defendant claimed that the title below high-water mark was in the state, he offered no proof whatever to that effect. The finding of the court seems to have been based upon the legal conclusion that the state was possessed below high-water mark of the title of all fresh-water navigable lakes. In the case of Oakes v. De Lancey, 133 N. Y. 227, 231, 30 N. E. 974, 975 (28 Am. St. Rep. 628), the plaintiff sought to recover the sum paid by him to the defendant for about 4 acres of land situated between high and low water mark on Long Island Sound and embraced in the lands purchased by the plaintiff from the defendant; the plaintiff claiming that the defendant's title did not in fact extend below high-water mark. Finch, J., in writing the opinion, said:

"The appellant further insists that the title to the shore is presumably in the state. That, with us, is the common-law rule, but does not exclude the possibility of title in the grantor derived from the sovereign or obtained by prescription. There is no question of title in the case, and we know nothing about it. Certainly we ought not to presume a want of title in the grantor in order to construe a description which implies such title."

As to a stream, its navigability in fact had under the common law of England no relevancy to the question of the title of its bed. Fulton Light, Heat & Power Co. v. State of New York, 200 N. Y. 400, 94 N. E. 199, 37 L. R. A. (N. S.) 307. The prerogatives of the several states over land under water depends upon the law of each state. Hardin v. Jordan, 140 U. S. 381, 11 Sup. Ct. 808, 35 L. Ed. 428. Cases cited in Kean v. Calumet Canal Co., 190 U. S. 482, 23 Sup. Ct. 651, 47 L. Ed. 1134. The cases cited by the respondent as authorities for the contention that the state is possessed of the title to the bed of Lake George to high-water mark, nearly all relate to waters where the tide ebbs and flows, as to which concededly the common law of England, subject in some instances to grants by predecessors in title, applies. Neither are decisions relating to grants of lands bordering on the Hudson and Mohawk rivers applicable as under the Dutch grants the beds of those rivers did not pass to the grantees, but were reserved to the crown, and passed from the ownership of the Netherlands to that of England, and at the close of the Revolution to the state of New York. Fulton Light, Heat & Power Co. v. State of New York, 200 N. Y. 400, 413, 94 N. E. 199, 37 L. R. A. (N. S.) 307.

[2] The ownership of the bed of Lake George to high-water mark is probably susceptible of proof by reference to grants by the state or by its Dutch or English predecessors in title. This can very likely be satisfactorily established upon the retrial of the action. In general, the right of access of a riparian owner to waters forming a boundary of his land is stated in Gould on Waters (3d Ed.) § 149, as follows:

"Riparian rights exist on the banks of navigable waters as well as of unnavigable streams; * * * but a littoral proprietor, like a riparian proprietor, has a right to the water frontage belonging by nature to his land, although the only practical advantage of it may consist in the access thereby afforded him to the water for the purpose of using the right of navigation. This right of access is his only, and exists by virtue and in respect of his riparian property. It exists in the case of tidewaters, even when the shore is the sovereign's property, both when the tide is out and when it is in. It is distinct from the public right of navigation, and an interruption of it is an encroachment upon a private right, whether caused by a public nuisance or authorized by the legislature."

Other authorities bearing upon this subject are Rumsey v. N. Y. & N. E. R. R. Co., 133 N. Y. 79, 30 N. E. 654, 15 L. R. A. 618, 28 Am. St. Rep. 600; Town of Brookhaven v. Smith, 188 N. Y. 74, 80 N. E. 665, 9 L. R. A. (N. S.) 326, 11 Ann. Cas. 1; Barnes v. Midland R. R. Terminal Co., 193 N. Y. 378, 85 N. E. 1093, 127 Am. St. Rep. 962. The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. The court disapproves of the finding that the plaintiffs' title extended only to high-water mark. All concur.